IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNIS MALIPURATHU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-11-646-W |
| v. | ) | |
| | ) | |
| RAYMOND JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT  AND  RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil

rights action pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned

Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  Before the

undersigned is the Motion to Dismiss filed by Defendant Hendrickson, to which Plaintiff has

responded. For the following reasons, it is recommended that Defendant Hendrickson's

Motion to Dismiss be granted and that the cause of action against Defendant Hendrickson

be dismissed with prejudice for failure to state a plausible claim for relief under § 1983 as

to this Defendant.

I. Complaint

Plaintiff has named thirteen Defendants in his Amended Complaint filed July 13,

2011, including six private individuals, three state court judges, two prosecutors, an attorney appointed to represent Plaintiff in a criminal proceeding, a coordinator of the drug court program established in Custer and Washita Counties in Oklahoma, and a private corporation. According to Plaintiff, he is incarcerated in the custody of the Oklahoma Department of Corrections serving a sentence for a term of imprisonment.  Public records of the Oklahoma Department of Corrections, of which the undersigned takes judicial notice, indicate Plaintiff is incarcerated serving a 15-year term of imprisonment for his conviction for Conspiracy to Deliver/Manufacture/Possess Controlled Dangerous Substance entered in the District Court of Custer County, Case No. CF-2007-313.  Plaintiff is serving a concurrent 15-year term of imprisonment for his conviction for Distribution of Controlled Dangerous Substance within 2000 Feet of a Child Care Center, after former conviction of a felony, entered in the District Court of Custer County, Case No. CF-2007-296. http://www.doc.state.ok.us (offender directory accessed July 14, 2011).

Plaintiff alleges in the Amended Complaint that he was incarcerated after his termination from a drug court program administered in the District Court of Custer County. Plaintiff alleges that his participation in the drug court program began on May 18, 2009, and that he was suspended from the drug court program on January 27, 2010.  During this brief time period, Plaintiff alleges he attended two substance abuse treatment programs.  He contends he attended the "D.A.R.P." program from July 23, 2009, to September 24, 2009, and he attended the "New Hope" program from November 13, 2009, to January 25, 2010.

The Amended Complaint, which is filled with legal jargon but little substance, focuses

on the state drug court program, including the court officials administering and monitoring

the program and Plaintiff's participation in the program, as well as private counselors and

support staff at "D.A.R.P." and "New Hope," which are presumably private drug treatment

facilities.   As relief for the alleged constitutional and statutory violations alleged in the

Amended Complaint in nine separate counts, Plaintiff seeks monetary damages from the

Defendants. The nine counts include allegations of a "Deprivation of Liberty" (count one),

"Religious Discrimination" (count two), "Disabilities Discrimination" (count three), "Racial

Discrimination" (count four), "Equal Protection" (count five), "Due Process" (count six),

"Brady Material" (count seven), "Double Jeopardy" (count eight), and "Unusual

Punishment" (count nine).

## II. Oklahoma's Drug Court Act

In Oklahoma, a drug court is a "judicial intervention process for substance abuse

treatment of eligible offenders which expedites the criminal case, and requires successful

completion of the plea agreement in lieu of incarceration." Okla. Stat. tit. 22, § 471.1(A).

Each district court in Oklahoma may establish a drug court program, which is  administered

by a team consisting of a judge, a district attorney, a defense attorney, "and other persons

designated by the drug court team . . . ." Okla. Stat. tit. 22, § 471.1(B), (D).  Participation in

a drug court program is voluntary, and the offender must submit a written request to be

considered for drug court participation. Okla. Stat. tit. 22, § 471.2(B).  This request for drug

court participation must include a "clear statement" that the offender must voluntarily agree

to "the terms and conditions of a treatment plan" and "sign a performance contract with the

court." Okla. Stat. tit. 22, § 471.2(B)(6).

After an offender has submitted a voluntary request to be considered for a drug court

program, the district attorney either approves or disapproves the request, and if the request

is approved the district attorney files the form with the drug court judge. Okla. Stat. tit. 22,

§ 471.2(D).  If the request form is submitted to the drug court judge, a hearing is conducted

before the assigned drug court judge in which the judge determines whether the offender has

voluntarily consented to the drug court program's requirements and whether the offender is

eligible for drug court participation based upon the findings and recommendations of a pre-

hearing drug court investigation. Okla. Stat. tit. 22, § 471.6.  At this hearing, the offender

must voluntarily sign a number of court documents before the offender may be admitted to

treatment under the written treatment plan proposed for the offender, including  a "written

performance contract requiring the offender to enter the treatment program as directed by the

court and participate until completion, withdrawal, or removal by the court." Okla. Stat. tit.

22, § 471.6(4).

The drug court judge monitors the progress of the drug court participant, to include

"ordering progressively increasing sanctions or providing incentives, rather than removing

the offender from the program when relapse occurs, except when the offender's conduct

requires revocation from the program." Okla. Stat. tit. 22, § 471.7(E).  "Any revocation from

the drug court program shall require notice to the offender and other participating parties in

the case and a revocation hearing.  At the revocation hearing, if the offender is found to have

violated the conditions of the plea agreement or performance contract and disciplinary

sanctions have been insufficient to gain compliance, the offender shall be revoked from the program and sentenced for the offense as provided in the plea agreement." Okla. Stat. tit. 22, § 471.7(E).

III. Action Under Color of State Law

In Plaintiff's Amended Complaint, Plaintiff's only allegations concerning Defendant Hendrickson are that Defendant Hendrickson represented Plaintiff in a criminal proceeding in the District Court of Custer County.   Plaintiff specifically alleges that Defendant Hendrickson, in his capacity as Plaintiff's court-appointed defense attorney, "failed to adequately represent the Plaintiff" in the criminal proceeding by failing to present exculpatory evidence to the court, by providing "privileged information" to the court, and by failing to "investigate and exhibit [sic] the document into the Drug Court Case File."

To state a claim under 42 U.S.C. §1983, a plaintiff must show that action taken "under color of" state law deprived him or her of rights secured by the Constitution or other federal law. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).  Public defendants ordinarily cannot be held personally liable under § 1983 because they do not act under color of state law when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Plaintiff's allegations relate solely to the legal representation provided by Defendant Hendrickson to Plaintiff in connection with the a state court criminal proceeding. In Plaintiff's responsive pleading, he asserts that Defendant Hendrickson "conspire[d] with state officials," but his only supporting allegations concern actions taken by Defendant Hendrickson in presenting evidence to the

court in his capacity as Plaintiff's court-appointed defense counsel. See Hunt v. Bennett, 17

F.3d 1263, 1266 (10th Cir. 1994)("Conclusory allegations of conspiracy are insufficient to

state a valid § 1983 claim."). Plaintiff has not alleged specific "facts tending to show

agreement and concerted action" between Defendant Hendrickson and other state actors. Id.

Therefore, Plaintiff has failed to state a claim for relief against Defendant Hendrickson, and

his cause of action against Defendant Hendrickson should be dismissed with prejudice under

Fed. R. Civ. P. 12(b)(6).[1]


RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant Hendrickson's

Motion to Dismiss (Doc. # 23) be GRANTED and that Plaintiff's cause of action against

Defendant Hendrickson be DISMISSED WITH PREJUDICE. Plaintiff is advised of the

right to file an objection to this Report and Recommendation with the Clerk of this Court by

____September 28th_____, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P.

72. The failure to timely object to this Report and Recommendation would waive appellate

review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991);

cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time

in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the

---

[1]Plaintiff's allegations of a "conflict of interest" concerning Mr. Hendrickson's attorney are frivolous.

undersigned Magistrate Judge in the captioned matter.

      ENTERED this   8th   day of    September  , 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE