IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

OCT 05 2011

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

DENNIS MALIPURATHU, )
)
Plaintiff, )
)
vs. ) No. CIV-11-646-W
)
RAYMOND JONES et al., )
)
Defendants. )

## ORDER

On September 8, 2011, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss filed by defendant Mark Hendrickson be granted and that this matter be dismissed as to Hendrickson. Plaintiff Dennis Malipurathu was advised of his right to object, and the matter now comes before the Court on the Motion in Response to Report and Recommendation filed by Malipurathu. See Doc. 44.

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of the claims asserted by Malipurathu in his amended complaint against Hendrickson.

Malipurathu brought this action seeking relief under title 42, section 1983 of the United States Code. Hendrickson, one of the many individuals named as a defendant in the amended complaint, was Malipurathu's court-appointed counsel in a criminal proceeding in the District Court of Custer County, Oklahoma.

"Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." Conn v. Gabbert, 526 U.S.

286, 290 (1999)(citation omitted). Section 1983 by its "under color of state law" limitation (as well as the equivalent "state action" language in the fourteenth amendment to the United States Constitution, e.g., Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 & n.18 (1982)), regulates only governmental actions and excludes from its reach "'merely private conduct, no mater how discriminatory or wrongful.'" American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999)(quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)(further quotation omitted))(footnote omitted).

In his amended complaint, Malipurathu has alleged that Hendrickson "failed to adequately represent [him] . . . [and] jeopardized . . . [his] liberty [interest] in the Drug Court program." Doc. 14 at 3, ¶ 9; e.g., id. at 11, ¶ 1; id. at 12, ¶ 2(e) (failed to investigate document which corroborates plaintiff's allegation of disabilities discrimination); id. ¶ 3(f) (failed to investigate document which corroborates plaintiff's allegation of discrimination). Malipurathu has further alleged that Hendrickson "fail[ed] to follow all the procedural guidelines set forth in the[ ] handbook, performance contract, [and] rules set forth by the Courts, Congress, State Constitution and the United States Constitution," id. at 9 (Count V), and that "Hendrickson provided privileged information to be used by the prosecution against [him] without consent," id. at 10, ¶ (B), including "privileged information that was divulged during treatment sessions and investigations as means to end . . . [his] participation from the [Drug Court] program." Id. at 11, ¶ 1. Finally, Malipurathu has contended that Hendrickson "fail[ed] to give . . . [him] effective assistance of counsel by failing to impeach the verbal testimony against documented prima facie evidence, thus inadequately representing . . . [his] interests." Id. at 13, ¶ 5(d).

2

Individuals, such as Hendrickson, "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," Polk County v. Dodson, 454 U.S. 312, 325 (1981)(footnote omitted), do not act under of color of state law and thus, cannot be held personally liable under section 1983. Because Hendrickson's actions about which Malipurathu has complained occurred while Hendrickson was performing his traditional advocacy functions, such actions were not performed under color of state law.

A private party, such as Hendrickson, can, however, under certain circumstances, act "under color of state law" if he "engage[s] in a conspiracy with state officials to deprive his client of constitutional rights." Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994) (citation omitted). To survive a request for dismissal, a plaintiff, such as Malipurathu, who has attempted to assert the necessary state action by implicating state officials in a conspiracy with Hendrickson, must do more than assert "'mere conclusory allegations with no supporting factual averments . . . .'" Id. (quoting Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983)). "'[T]he pleadings must specifically present facts tending to show agreement and concerted action.'" Id. (quoting Sooner Products, 708 F.2d at 512).

In support of his claim of conspiracy, Malipurathu has alleged only that the "State, county, and private actors conspired to increase . . . [his] vulnerability to, or dangers from intimidation and harassment . . . ." Doc. 14 at 5, ¶ C.[1] To withstand Hendrickson's Motion

---

[1] Malipurathu has contended that the alleged conspiracy "raises causal claims of 'invidious discriminatory animus' against the Defendants." Doc. 14 at 5, ¶ C. To the extent, if any, Malipurathu has attempted to assert a conspiracy claim under title 42, section 1985(3) of the United States Code, which pertains to racially-motivated conspiracies that deprive individuals of equal protection of the laws and which does not require that a defendant act under color of state law, the Court finds that such claim would likewise fail since Malipurathu's allegations of conspiracy are unsupported and conclusory.

to Dismiss, Malipurathu's amended complaint must have "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the allegations in the amended complaint, the Court finds that Malipurathu's claim of conspiracy fails to meet the Twombly pleading standard.

Based upon the foregoing, the Court

(1) ADOPTS the Report and Recommendation [Doc.36] issued on September 8, 2011;

(2) GRANTS Hendrickson's Motion to Dismiss [Doc. 23] filed on August 17, 2011; and

(3) because further amendment would no doubt prove futile, DISMISSES Malipurathu's claims against Hendrickson with prejudice.

ENTERED this 5th day of October, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE