IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS MALIPURATHU, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CIV-11-646-W ) ) |
| RAYMOND JONES, et al., | ) ) |
|     Defendants. | ) |

SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). On November 16, 2011, the undersigned entered an Order advising Plaintiff that the undersigned would recommend dismissal of this action against four then-unserved Defendants, Defendants Alvarez, Holland, Hutton, and Simmons Foods, unless Plaintiff showed good cause by December 6, 2011, for his failure to effect service upon these Defendants as required by Fed. R. Civ. P. 4(i).

The Court's record shows that a process receipt and return was filed by the United States Marshal's Service ("USMS") on January 10, 2012, showing that Defendant Holland was served with process at his business address on January 6, 2012. (Doc. # 98). The Court's record also shows that a process receipt and return was filed by the USMS on January 10,

1

2012, showing that Defendant Hutton was served with process at his business address on January 6, 2012. (Doc. # 99).

In response to the show cause order, Plaintiff states that all of the Defendants have been served with process.  However, the Court's record shows that summons was returned unexecuted upon Defendant Simmons Foods on August 25, 2011. (Doc. # 25).  Although summons was issued with respect to Defendant Alvarez and delivered to the USMS for service (Doc. # 18), as of this date no return of service has been filed as to this Defendant. Plaintiff states that he "objects to the dismissal" of the unserved Defendants, but he has not alleged that he has taken any steps to complete service of process upon the unserved Defendants.  Accordingly, Plaintiff has not shown good cause for a mandatory extension of time to serve  Defendants Simmons Foods and Alvarez.

Generally, when a plaintiff fails to show good cause for the failure to timely serve defendants, the court must still consider whether a permissive extension of time to complete service of process is warranted. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).  However, in this case, Plaintiff's claims against Defendants Simmons Foods and Alvarez are subject to dismissal on other grounds.  On review of a complaint filed *in forma pauperis*, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). A claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327

(1989).

Defendant Simmons Foods is a private entity and Defendant Alvarez is a private individual. As such, these Defendants are not subject to suit under 42 U.S.C. § 1983. A plaintiff may only bring an action under § 1983 against a person acting under color of state law to remedy constitutional violations or violations of certain rights established by federal law. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988)(to state claim under 42 U.S.C. § 1983, plaintiff must allege constitutional violation was committed by person acting under color of state law). Plaintiff's claims against Defendants Alvarez and Simmons Foods are frivolous and should be dismissed on this basis.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action against Defendants Simmons Foods and Alvarez be dismissed with prejudice as the claims are frivolous. See 28 U.S.C. § 1915(e)(2)(B). Plaintiff is advised of the right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by   February 7th, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Second Supplemental Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   18th   day of   January  , 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE