IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS MALIPURATHU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-11-646-W |
| v. ) | |
| ) | |
| RAYMOND JONES, et al., ) | |
| ) | |
| Defendants. ) | |

FOURTH SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the undersigned[1] in this 42 U.S.C. § 1983 action[2] filed by Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, is the Motion for Summary Judgment (Doc. # 66) filed by Defendant Jones.  Plaintiff has responded to this Motion (Docs. # 75), and Defendant Jones has replied to Plaintiff's response.  (Doc. # 77).  Additionally, a Special Report (Doc. # 59) consistent with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), and the Order entered July 14, 2011 (Doc. # 15) has been filed.  As to all of Plaintiff's claims against Defendant Jones, it is recommended that Defendant Jones' Motion for Summary Judgment

---

[1] The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

[2] Plaintiff also invokes 42 U.S.C. §§ 1985(3) and 42 U.S.C. § 1986 as jurisdictional bases for his action. Amended Complaint (Doc. # 14), at 5.  In the previous Third Supplemental Report and Recommendation, it was recommended that Plaintiff's claims under 42 U.S.C. § 1985(3) and 1986 be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted.

1

be granted and that judgment enter in favor of Defendant Jones and against the Plaintiff.

Background and Amended Complaint

Plaintiff is currently incarcerated in the custody of the Oklahoma Department of Corrections ("DOC") serving sentences of two, concurrent, 15-year terms of imprisonment for drug-related convictions entered in the District Court of Custer County, Case No. CF-2007-296 and Case No. CF-2007-313. In his Amended Complaint filed July 13, 2011 (Doc. # 14), Plaintiff names thirteen Defendants, including two state court judges, two prosecutors, the coordinator of the Washita/Custer County Drug Court program,[3] several individuals employed by two private substance abuse treatment centers, and a private entity headquartered in Siloam Springs, Arkansas. Plaintiff alleges multiple constitutional and statutory deprivations as well as violations of the Americans with Disabilities Act ("ADA"), all arising out of his unsuccessful participation in and termination from the Washita/Custer County Drug Court program. Plaintiff appealed the Drug Court termination and judgment and sentence. The termination and judgment and sentence were affirmed by the Oklahoma Court of Criminal Appeals on May 2, 2012. http://www.oscn.net/applications (docket sheet in State of Oklahoma v. Dennis George Malipurathu, Case No. F-2010-867, last accessed May 24, 2012).

Plaintiff's Amended Complaint sets forth the following claims against Defendant

---

[3] Another individual, Mr. Hendrickson, named as a Defendant in the Amended Complaint was previously dismissed from the action.

Jones[4]:

A. Count One

In count one, Plaintiff alleges that Defendant Jones, among other Defendants, denied Plaintiff his "right to Equal Protection as other similarly situated drug court participants" and "[p]enalized and terminated Plaintiff from the program because he exercised his U.S. Constitutional First Amendment right." Amended Complaint, at 6. As supporting facts, Plaintiff alleges that during the time that he was a participant in the Washita/Custer County Drug Court program he was assigned to "D.A.R.P. Foundation" ("DARP") from July 23 to September 24, 2009, and that Defendant Jones was an administrator of DARP, a private substance abuse facility located in Tahlequah, Oklahoma. Plaintiff alleges that Defendant Jones "forced Plaintiff to adhere [to] Defendant's choice of religion," including enforcement of a policy requiring "participant[s] to attend church services on Sundays, support Christian beliefs, and practice/recite Christian prayers daily," "denied Plaintiff's right to freely exercise his chosen religion while attending this facility," and cut Plaintiff's hair on July 23, 2009, although cutting his hair violated a tenet of his Sikhism religion. Amended Complaint, at 6-7.

B. Count Two

In count two, Plaintiff alleges Defendant Jones, among other Defendants, is liable to Plantiff for "Disabilities Discrimination" by "failing to give notice or make reasonable

---

[4] Plaintiff's claims against Defendants McPhearson, Thiessen, Kelley, Weedon, Garcia, Bentley, and Simmons Foods were addressed separately in the Third Supplemental Report and Recommendation.

accommodations within D.A.R.P. Foundation (its employers) and Drug Court program." Amended Complaint, at 7. Plaintiff cites 42 U.S.C. §§ 19111(9) and 12132 of the Americans with Disabilities Act ("ADA"), although Plaintiff does not specifically allege that he is seeking relief under the ADA. As support for his § 1983 and/or ADA claims in count two, Plaintiff alleges that he is "(40%) permanent disable[d]" due to a "broken back." Amended Complaint, at 7. Plaintiff also alleges in count two that DARP did not provide "accommodations" to Plaintiff with regard to doors, toilets, beds, and showers, and that DARP "failed to notify Simmons Foods of Plaintiff's physical limitations." The remaining allegations in count two are not directed to Defendant Jones.

C. <u>Count Three</u>

Defendant Jones is not named in count three of the Amended Complaint.

D. <u>Count Four</u>

In count four, Plaintiff alleges Defendant Jones, among other Defendants, violated Plaintiff's equal protection rights by "prevent[ing] Plaintiff's participation on the [Washita/Custer County] Drug Court program because his religious beliefs are not from a western or 'Christian' based theology" and "where the physical environments prevented participation as other similarly situated participants." Amended Complaint, at 8. As support, Plaintiff also alleges in count four that Defendant Jones did not "allow Plaintiff equal time to practice his chosen form of religion while at D.A.R.P." Amended Complaint, at 9. The remaining allegations in count four are not directed to Defendant Jones.

E. Count Five

Defendant Jones is not named in count five.

F. Count Six

In count six, Plaintiff alleges that his "civil rights" were violated by Defendant Jones, among other Defendants, because "Brady material" or "exculpatory evidence" was "unavailable" to him or "unattainable" for use at Plaintiff's Drug Court termination hearing.[5] Amended Complaint, at 10. As support, Plaintiff refers to certain purported documentary evidence, including "Custer County Detention Center Book-in Records," which he alleges provide "proof of multiple punishments upon the Plaintiff" and "[c]orroborates Plaintiff's allegation of Deprivation of Liberty, Double Jeopardy, procedural Due Process rights, and Sixth Amendment;" the "D.A.R.P. Intake Application," which he alleges "corroborate Plaintiff's allegation of disabilities discrimination, Equal Protection, procedural Due Process rights, and Sixth Amendment;" the "D.A.R.P. Contract: 'Medical History' Form," which he alleges "corroborates Plaintiff's allegation of disabilities discrimination, Equal Protection, procedural Due Process rights, and Sixth Amendment;" a "D.A.R.P. Contract," which he alleges "corroborates Plaintiff's allegation of disabilities discrimination, Equal Protection, procedural Due Process rights, and Sixth Amendment;" and the "New Hope of Mangum, Oklahoma; Pass Log Entry 1-24-2010," which he alleges "corroborates Plaintiff's allegation of false evidence, and Sixth Amendment right to confrontation." Amended Complaint, at 10-

---

[5] Plaintiff also named former Defendant Hendrickson in this claim.

12. Finally, Plaintiff cites a "Joint Petition; Workman's Compensation Court; on February 5, 2009 . . . [which] declares Plaintiff's disability rating" and "corroborates Plaintiff's allegation of disabilities discrimination, Equal Protection, procedural Due Process rights, and Sixth Amendment." Amended Complaint, at 13.

G. <u>Count Seven</u>

Defendant Jones is not named in count seven of the Amended Complaint.

H. <u>Count Eight</u>

Defendant Jones is not named in count eight of the Amended Complaint

<u>Demands for Relief</u>

Plaintiff seeks monetary damages against Defendant Jones. Amended Complaint, at 19-21. Plaintiff also seeks "injunctive relief" in order "to admonish and punish each of the Defendants' conducts and actions financially and publicly, in such a way as to discourage any similar actions." Amended Complaint, at 20-21.

<u>Standard of Review - Motion for Summary Judgment</u>

Summary judgment may be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. <u>Burke v. Utah Transit Auth. & Local</u>, 462 F.3d 1253, 1258 (10th Cir. 2006)(quotation omitted), <u>cert. denied</u>, 550 U.S. 933 (2007). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

"Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. "At the summary judgment stage, a complainant cannot rest on mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Burke, 462 U.S. at 1258 (internal quotation marks and citations omitted).[6] "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quotations omitted).

Screening under 28 U.S.C. § 1915 of Prisoners' Complaints

Additionally, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). On review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

---

[6] In a prisoner civil rights case such as this one, the plaintiff's complaint is treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall, 935 F.2d at 1111.

Oklahoma Drug Court Act

The provisions of the Oklahoma Drug Court Act, Okla. Stat. tit. 22, §§ 471-471.11, were summarized in the Third Supplemental Report and Recommendation previously entered. Without reciting the summary again, that summary applies to the disposition herein, and it is incorporated herein by reference. Under Oklahoma law, "[t]he decision to revoke or terminate a Drug Court defendant is within the trial judge's discretion." Lewis v. State, 220 P.3d 1140, 1143 (Okla. Crim. App. 2009). A defendant has the right to appeal to the OCCA from a decision to revoke or terminate his or her participation in a Drug Court program. Hagar v. State, 990 P.2d 894, 898 (Okla. Crim. App. 1999). This is a "separate and distinct appeal, to be addressed on its own merits." Looney v. State, 49 P.3d 761, 765 (Okla. Crim. App. 2002).

Uncontroverted, Material Facts

With respect to Plaintiff's claims against Defendant Jones, it is not controverted by the parties that:

1. The Washita/Custer County Drug Court program is a voluntary diversion program established by the District Courts of Washita and Custer Counties in Oklahoma pursuant to the Oklahoma Drug Court Act, Okla. Stat. tit. 22, § 471.1-471.11 .

2. As part of a negotiated plea agreement, on May 18, 2009, Plaintiff entered pleas of guilty to the offenses of Distribution of Controlled Dangerous Substance Within 2000 Feet of a Child Care Facility in Case No. CF-2007-296, District Court of Custer County, and Conspiracy to Deliver Controlled Dangerous Substance, Case No. CF-2007-313, District

Court of Custer County.

3. As an alternative to incarceration, Plaintiff voluntarily agreed to enter the Washita/Custer County Drug Court program. According to the plea agreement and performance contract signed by Plaintiff at the time of the plea, if he successfully completed the program he would be sentenced in each case to a six-year term of imprisonment, suspended, and certain costs. If he failed to complete the Washita/Custer County Drug Court program he would be sentenced in each case to a fifteen-year term of imprisonment in the custody of the Oklahoma Department of Corrections and certain costs.

4. During his probationary period in the Washita/Custer County Drug Court program, Plaintiff was directed to attend an in-patient substance abuse treatment program as a sanction for a program violation. Plaintiff voluntarily participated in DARP, a private substance abuse treatment center located in Tahlequah, Oklahoma, from July 23, 2009 to September 24, 2009. DARP is not a division of any state agency, and it receives no oversight or direction from any state agency.

5. Defendant Jones is the President and C.E.O. of DARP.

6. DARP is a faith-based, non-profit organization.

7. DARP's founding principles state:

> We endorse and respect all faiths and encourage participants to practice their own particular choosing[.] [H]owever, it is impractical to transport participants to several different locations on different days of the week so all participants will attend the same services. We do intend to visit various religious settings throughout our local area . . . .
> If a participant requests to see a particular person of faith, i.e.,

>Priest, Rabbi, Minister, etc., arrangements will be made for each request.
>Participants are encouraged to bring their own religious readings to the Foundation and other religious readings will be made available for those interested.

8. DARP has not denied participants the ability to participate in the program based upon their religious beliefs.

9. Following Plaintiff's transfer to DARP, Defendant Jones met with Plaintiff on two occasions. He met Plaintiff during Plaintiff's first week at DARP. Defendant Jones also spoke to Plaintiff before he transferred Plaintiff to Decatur, Arkansas.

10. Defendant Jones is not aware of any physical limitations of Plaintiff. DARP has provided accommodations to other participants in the past.

11. After Plaintiff left the DARP program, the presiding Drug Court judge directed Plaintiff to complete a second private substance abuse treatment center, New Hope, in Oklahoma. Plaintiff failed to complete both the DARP and New Hope programs, and he was ultimately terminated from the Drug Court program and sentenced consistent with the plea agreement.

12. Plaintiff's Drug Court termination and judgment and sentence were affirmed by the Oklahoma Court of Criminal Appeals.

Count Six - Brady Violation

In count six, Plaintiff asserts that Defendant Jones, among other Defendants, is liable to him for damages under 42 U.S.C. § 1983 for alleged violations of his "civil rights" under Brady v. Maryland, 373 U.S. 83 (1963). As support, Plaintiff references numerous documents that he asserts would have provided "exculpatory evidence" during his Drug

Court termination hearing but that Defendant Jones and other Defendants failed to provide these documents to Plaintiff. Amended Complaint, at 10.

In Brady, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. The duty to disclose "extends to prosecutors, police, and other government investigators." United States v. Velarde, 485 F.3d 553, 559 (10th Cir. 2007). Plaintiff does not allege that Defendant Jones was a government investigator, prosecutor, or law enforcement officer. Rather, Defendant Jones is an administrator of a private substance abuse facility. There is no disputed issue for trial, and Defendant Jones' Motion for Summary Judgment as to the claim against him in count six should be granted, and judgment should issue in favor of Defendant Jones and against the Plaintiff with respect to this claim.

Counts One and Four - Color of State Law

In counts one and four of the Amended Complaint, Plaintiff alleges that Defendant Jones violated his constitutional rights. In count one of his Amended Complaint, Plaintiff alleges Defendant Jones, among other Defendants" "[d]enied Plaintiff's right to Equal Protection as other similarly situated drug court participants" and "[p]enalized and terminated Plaintiff from the [Drug Court] program because he exercised his U.S. Constitutional First Amendment right."[7] Amended Complaint, at 5. In count four, Plaintiff alleges that

---

[7] It is not clear from the Amended Complaint whether Plaintiff is seeking relief for alleged deprivations of the Free Exercise Clause or the Establishment Clause of the First Amendment. See

Defendant Jones violated Plaintiff's rights under the Equal Protection Clause because Defendant Jones "fail[ed] to allow Plaintiff equal time to practice his chosen form of religion while at D.A.R.P." Plaintiff also alleges in count four that Defendant Jones "prevented Plaintiff's participation on the [Washita/Custer County] Drug Court program because his religious beliefs are not from a western or 'Christian' based theology" and "where the physical environments prevented participation as other similarly situated participants." Amended Complaint, at 7-8.

Plaintiff seeks damages from Defendant Jones under 42 U.S.C. § 1983. Defendant Jones has moved for summary judgment as to these claims on the ground that he did not act under color of state law and therefore cannot be held liable to Plaintiff under § 1983. In order to obtain relief from Defendant Jones under 42 U.S.C. § 1983, Plaintiff must show that Defendant Jones was "acting under color of" Oklahoma law at the time of the alleged deprivations for which Plaintiff seeks damages. Conn v. Gabbert, 526 U.S. 286, 290 (1999); West v. Atkins, 487 U.S. 42, 48 (1988).

"[A] public employee acts under color of state law while acting in his [or her] official

---

Lee v. Weisman, 505 U.S. 577, 587 (1992)(quotation omitted)(Establishment Clause guarantees that the "government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which establishes a [state] religion or religious faith, or tends to do so"); Cruz v. Beto, 405 U.S. 319, 322 (1972)("The First Amendment, applicable to the States by reason of the Fourteenth Amendment, . . . prohibits government from making a law prohibiting the free exercise of religion.")(quotation and brackets omitted). As the Supreme Court recognized in Santa Fe Independent School Dist. v. Doe, 530 U.S. 290 (2000), "[t]he Religion Clauses of the First Amendment prevent the government from making any law respecting the establishment of religion or prohibiting the free exercise thereof." Id. at 313. Plaintiff's allegations will be construed to assert both Free Exercise and an Establishment Clause claims.

capacity or while exercising his [or her] responsibilities pursuant to state law." West, 487 U.S. at 50. However, Defendant Jones is not a government official. When the party, such as Defendant Jones, being sued under § 1983 is a private individual, the issue becomes whether the private individual's actions are fairly attributable to the State. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). See Lugar v. Edmondson Oil Co., 457 U.S. 922, 935, 937 (1982)(conduct constituting "state action" satisfies under-color-of-state-law element, and private conduct constitutes state action if it is "fairly attributable to the State"). It is presumed that private conduct does not constitute governmental action. Sutton v. Providence St. Joseph Medical Ctr., 192 F.3d 826, 835 (9th Cir. 1999). Plaintiff has the burden of demonstrating that Defendant Jones acted under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978).

Plaintiff contends that Defendant Jones deprived him of his religious freedom and coerced him to participate in offensive religious activities by (1) requiring Plaintiff to cut his hair, which violated a tenet of his Sikh Darma religion; (2) requiring Plaintiff to attend Christian church services; (3) requiring Plaintiff to recite Christian-based prayers; and (4) failing to provide Plaintiff with "equal time" to practice his Sikh Darma faith. Amended Complaint, at 5-7.

There are "four tests to determine whether private actors, such as [Defendant Jones] should be considered state actors: (1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test." Anderson v. Suiters, 499 F.3d 1228, 1233 (10th Cir. 2007)(quotation omitted). With respect to the color-of-law issue, Plaintiff

alleges Defendant Jones acted under color of state law because he is "the policy-maker of D.A.R.P. Foundation and directly reports to the [Washita/Custer] County Drug Court Team." Amended Complaint, at 2. In his responsive pleading, Plaintiff alleges that "Defendant [Jones] acts under color of law by accepting Plaintiff into his facility." Plaintiff's Response (Doc. # 75), at 3. However, neither of these allegations clearly invokes a particular basis on which to determine whether state action exists.

Plaintiff further asserts in his responsive pleading that there is "conjunctive action to act in behalf of and with state officials . . . ." and that Defendant Jones "acted in concert" with Drug Court officials. Id. at 7, 8. According to Plaintiff, the presiding Drug Court judge directed him to attend an in-patient substance abuse treatment program as a sanction for a probation violation and that he then submitted an "Intake/Screening Form" to DARP seeking entry into the DARP substance abuse treatment program. Plaintiff's Response (Doc. # 75), at 1-2. DARP accepted Plaintiff for treatment on July 20, 2009, and Plaintiff entered the private treatment program on July 23, 2009. Id.

Giving his allegations a generous reading, Plaintiff is asserting joint action by Defendant Jones and Drug Court officials. One district court has held that a private individual employed by a drug treatment facility, who was sued under § 1983 for alleged constitutional deprivations occurring while the plaintiff was participating in drug treatment at the facility under a drug court program, acted under color of state law when the individual and other staff members prevented the plaintiff from practicing his chosen religion and forced him to participate in activities grounded in another religion's tradition. Hanas v. Inner

City Christian Outreach, Inc., 542 F.Supp.2d 683 (E.D.Mich. 2008).  In that case, there are distinct and distinguishing facts.  In Hanas, the presiding drug court judge and a drug court official verbally admonished the plaintiff, a drug court participant, to follow the rules of the private drug treatment facility and assured the plaintiff that the rules of the drug treatment facility were the rules of the court. Id. at 693.  Based on these facts, the court found that the drug treatment facility and its employee "acted jointly with the Drug Court." Id.  The court in Hanas alternatively found that a "symbiotic relationship" existed between the drug treatment facility and its employee on the one hand and the drug court on the other hand because the drug court provided the drug treatment facility with a source of referrals, while the drug treatment facility served the drug court's need for a no-cost residential program. Id.

In a Ninth Circuit Court of Appeals decision, the court held that, because of the religious focus of Alcoholics Anonymous and Narcotics Anonymous ("AA/NA") programs, forcing prisoners or parolees to participate in such programs violates their clearly established First Amendment rights. See Inouye v. Kemna, 504 F.3d 705, 710 (9th Cir. 2007)("For the government to coerce someone to participate in religious activities strikes at the core of the Establishment Clause of the First Amendment).  In Inouye, however, the parolee had expressed his opposition to being placed in a religion-based narcotics treatment program as a condition of his parole and then refused to participate in AA/NA to which he was transferred, and he was terminated from the program for his refusal to participate based on religious reasons. Id. at 709-711. The court found that the state action of ordering Inouye into AA/NA was coercive because Inouye "could be imprisoned if he did not attend and he was,

in fact, ultimately returned to prison in part because of his refusal to participate in the program. Id. at 713.

In this case, unlike the two cases described above, Plaintiff has not alleged or provided any evidence that a Washita/Custer County Drug Court official was aware of or actively admonished or compelled Plaintiff to participate in any particular religious-based activities during his Drug Court probationary period. Nor is there any allegation or evidence that Defendant Jones was coerced or encouraged by a Drug Court official to compel Plaintiff to participate in any religious-based activity. Thus, Plaintiff has failed to demonstrate the necessary joint action sufficient to constitute state action for purposes of his claims of First Amendment and equal protection deprivations in count one and count four.

Even assuming that Defendant Jones was a state actor, there is no genuine issue for trial with respect to Plaintiff's First Amendment Free Exercise or Establishment Clause claims. First, with respect to the Establishment Clause claim, Plaintiff admits in his responsive pleading that he refused to recite Christian-based prayers while he was a participant at DARP and that his refusal did not adversely affect his participation in the treatment program. With respect to the Free Exercise claim, Plaintiff alleges only that he was not given "equal time" to practice his chosen religion. He has not alleged or provided any evidence that he was actively prevented by a Drug Court official or Defendant Jones from practicing his chosen religion during the brief time he was at DARP or that a Drug Court official or Defendant Jones was aware of or took any action to prevent Plaintiff from practicing his chosen religion while he was at DARP.

In a separate claim in count one, Plaintiff alleges that Defendant Jones "act[ed] in concert" with Drug Court officials to terminate him from the Drug Court program because he exercised his First Amendment rights. Amended Complaint, at 5. "When a plaintiff seeks to prove state action based on a conspiracy theory, a requirement of the joint action charge is that both public and private actors share a common, unconstitutional goal. . . . Moreover, the pleadings must specifically present facts tending to show agreement and concerted action." Sigmon v. CommunityCare HMO, Inc., 234 F.3d 1121, 1126 (10th Cir. 2000)(quotations omitted). In this case, the Drug Court program administering Plaintiff's probation gave DARP authority to treat Plaintiff's substance abuse issues and provide housing and care for him. Thus, state action may be found under the symbiotic relationship test. See Hanas, 542 F.Supp. 2d at 693. Plaintiff has not, however, provided evidence demonstrating a genuine issue of fact concerning a First Amendment deprivation. Although Plaintiff alleges that he was terminated from the Drug Court program because of the exercise of First Amendment rights, Plaintiff was terminated from the Drug Court program by a presiding Drug Court judge after a full hearing. Under Oklahoma's Drug Court Act, once an offender enters a guilty plea and begins a drug court program, the designated drug court judge "make[s] all judicial decisions concerning any case assigned to the drug court docket or program. . . ." Okla. Stat. tit. 22, § 471.7(A). Plaintiff testified at his termination hearing that he was discharged from DARP because he lost multiple jobs and employment was a condition of his participation in the DARP treatment program. Plaintiff's Response (Doc. # 71), Ex. 16. Defendant Jones testified at the termination hearing that Plaintiff never advised

him Plaintiff was an adherent of the Sikh religion or that he objected to the hair-cutting requirement or to church attendance. Special Report (Doc. # 59), Ex. 21, at 59-61. Plaintiff admitted during his termination hearing that he did not respect the staff members at New Hope and that while he was a Drug Court participant he was not "mentally prepared to take instructions . . . [f]rom people in authority." Plaintiff's Response (Doc. # 71), Ex. 18, 19. This testimony is consistent with other testimony at the hearing from a New Hope counselor that Plaintiff was discharged from New Hope for reasons connected with his disruptive behavior and disrespectful attitude. Special Report (Doc. # 59), Ex. 28, at 18-19, 22. Consequently, Defendant Jones is entitled to summary judgment with respect to Plaintiff's § 1983 claims against him in counts one and four and judgment should enter accordingly.

Americans with Disabilities Act Claim

In count two of the Amended Complaint, Plaintiff alleges that Defendant Jones, among other Defendants, violated his rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132 et seq.[8] Plaintiff specifically alleges the violation of 42 U.S.C. § 12111(9), which defines a "reasonable accommodation" for purposes of the ADA. Defendant Jones seeks summary judgment concerning this claim.

With respect to Plaintiff's claim in count two of violations of the ADA, Title II of the ADA applies to the services provided by state and local governments, 42 U.S.C. § 12132 (Title II applies to "public entites"). Under Title II of the ADA, "no qualified individual with

---

[8] Plaintiff's claims against Defendant Bentley are addressed separately herein.

a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132.  State prisons are considered public entities for the purposes of an ADA claim. Penn. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998).  "Title II authorizes suits by private citizens for money damages against public entities that violate § 12132." Guttman v. Khalsa, 669 F.3d 1101, 1112 (10th Cir. 2012).  Plaintiff's ADA claim seeks damages not from a public entity, however, but from state and private individuals.

The Supreme Court has held that "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006)(emphasis in original).  Thus, Plaintiff may bring claims under the ADA against a state or an individual defendant only in his or her official capacity.  Defendant Jones is not amenable to suit for violations of the ADA in his individual capacity. See Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999)("[T]he ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.").  Although Plaintiff names Defendant Jones in his "official capacity" as the principle administrator of DARP, Plaintiff seeks relief from Defendant Jones in his individual supervisory capacity.  Plaintiff has provided no facts sufficient to support a finding that DARP should be disregarded as the entity that provided substance abuse treatment to Plaintiff.  Accordingly, Defendant Jones' Motion for Summary

Judgment with respect to Plaintiff's claims against him in count two under the ADA should be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant Jones' Motion for Summary Judgment (Doc. # 66) be GRANTED and that judgment issue in favor of Defendant Jones and against the Plaintiff. The parties are advised of their respective right to file an objection to this Fourth Supplemental Report and Recommendation with the Clerk of this Court by ___July 5th___, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Fourth Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Fourth Supplemental Report and Recommendation does not dispose of all of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___14th___ day of ___June___, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE