IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DENNIS MALIPURATHU,                   )
                                      )
                    Plaintiff,        )
                                      )
                                      )        CIV-11-646-W
v.                                    )
                                      )
RAYMOND JONES, et al.,                )
                                      )
                    Defendants.       )

## FIFTH SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the undersigned[1] in this 42 U.S.C. § 1983 action[2] filed by Plaintiff, a state

prisoner appearing *pro se* and *in forma pauperis*, is the Motion for Summary Judgment (Doc.

#124) filed by Defendants Hutton, Avera[3], Holland, and Enderle.[4]  Plaintiff has responded

to this Motion (Doc. #131), and Defendants have replied to Plaintiff's response. (Doc. #132).

---

[1] The matter was referred to the undersigned Magistrate Judge for initial proceedings
consistent with 28 U.S.C. § 636(b)(1)(B).

[2] Plaintiff also invokes 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 as jurisdictional bases
for his action. Amended Complaint (Doc. # 14), at 5.

[3] Although Defendant Avera was identified in the Amended Complaint as Defendant
"Alvarez,"  Plaintiff has indicated in subsequent pleadings that he intended to name Defendant
Avera. (See Doc. # 112, at 2, in which Plaintiff states: "The correct spelling of the Defendant's last
name is Avera, not Alvarez."). Defendant Avera has answered the Complaint and stated that she was
misidentified in Plaintiff's Amended Complaint. (Doc. # 113). Thus, Defendant Avera's name has
been amended herein to its proper spelling.

[4] Although Defendant Enderle was identified in the Amended Complaint as Defendant
"Endearle," Defendant Enderle states that the correct spelling of his name is Enderle. (Doc. # 132).
Thus, Defendant Enderle's name has been amended herein to its proper spelling.

Additionally, a Special Report (Doc. # 59) has been filed in this matter consistent with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), and the Order entered July 14, 2011 (Doc. #15).

For the following reasons, it is recommended that as to Plaintiff's § 1983 and ADA claims against Defendant Enderle in his individual capacity that Defendant Enderle's Motion for Summary Judgment be granted and that judgment enter in favor of Defendant Enderle and against the Plaintiff on the basis of absolute judicial immunity. It is recommended that as to Plaintiff's § 1983 claim against Defendant Holland that Defendant Holland's Motion for Summary Judgment be granted and that judgment enter in favor of Defendant Holland and against the Plaintiff on the ground of absolute witness immunity.  It is recommended that as to Plaintiff's § 1983 claims against Defendants Avera and Hutton in counts three and four of the Amended Complaint that Defendants Avera and Hutton's Motion for Summary Judgment be granted and that judgment enter in favor of Defendants Avera and Hutton and against the Plaintiff.   Further recommendations as to remaining specific claims against Defendants Hutton, Avera, Holland, and Enderle are set forth herein.

Background and Amended Complaint

Plaintiff is currently incarcerated in the custody of the Oklahoma Department of Corrections ("DOC")  serving sentences of two, concurrent, 15-year terms of imprisonment for drug-related convictions entered in the District Court of Custer County, Case No. CF-2007-296 and Case No. CF-2007-313.  In his Amended Complaint filed July 13, 2011 (Doc. # 14), Plaintiff names thirteen Defendants, including two state court judges, two prosecutors,

the coordinator of the  Washita/Custer County Drug Court program,[5] several individuals employed by two private substance abuse treatment centers, and a private entity headquartered in Siloam Springs, Arkansas.   Plaintiff alleges multiple constitutional and statutory deprivations as well as violations of the Americans with Disabilities Act ("ADA"), all arising out of his unsuccessful participation in and termination from the Washita/Custer County Drug Court program.  Plaintiff appealed the Drug Court termination and judgment and sentence.  The termination and judgment and sentence were affirmed by the Oklahoma Court of Criminal Appeals on May 2, 2012.  http://www.oscn.net/applications (docket sheet in State of Oklahoma v. Dennis George Malipurathu, Case No. F-2010-867, last accessed May 24, 2012).

A. Count One

    In count one, Plaintiff alleges that Defendant Enderle, among other Defendants, denied Plaintiff his "right to Equal Protection as other similarly situated drug court participants" and "[p]enalized and terminated Plaintiff from the program because he exercised his U.S. Constitutional First Amendment right" to freely exercise his chosen religion. Amended Complaint, at 6.  As supporting facts, Plaintiff alleges that he participated in "D.A.R.P. Foundation" from July 23 to September 24, 2009, and that during his participation in this private substance abuse treatment program he was forced to cut his hair

---

[5] Another individual, Mr. Hendrickson, named as a Defendant in the Amended Complaint was previously dismissed from the action.  Defendant Simmons Foods is not named in the caption of the Amended Complaint but is included as a Defendant in the body of the Amended Complaint.

on July 23, 2009, although this violated a tenet of his chosen Sikhism religion, and he was forced to attend Christian-based church services and "practice/recite Christian prayers daily." Amended Complaint, at 6-7.

B. Count Two

In count two, Plaintiff alleges Defendant Enderle, among other Defendants, violated Plaintiff's rights under the ADA, as set forth in 42 U.S.C. §§ 12111(9) and 12132, "by: failing to give notice or make reasonable accommodations within D.A.R.P. Foundation (its employers) and Drug Court program." Amended Complaint, at 7. As support, Plaintiff alleges that he is "(40%) permanent disable[d]" due to a "broken back" and that Defendant Enderle, among other Defendants, "fail[ed] to notify D.A.R.P. of Plaintiff's religious preference and disabilities before designation to this facility." Amended Complaint, at 7. The remaining allegations in count two are not directed toward Defendant Enderle.

C. Count Three

In count three, Plaintiff alleges that Defendants Hutton and Avera, among other Defendants, denied Plaintiff's "rights"[6] by "discriminat[ing] upon the Plaintiff's ethnicity" and subjecting Plaintiff to discrimination by using "racial slurs" and by "fail[ing] to protect Plaintiff from a psychological and an emotionally harmful environment." Amended Complaint, at 8.

In the Amended Complaint, Plaintiff alleges that Defendant Hutton allegedly called

_____

[6] Plaintiff has not identified a constitutional or statutory basis for this claim.

4

Plaintiff "racial slurs" in December 2009 and January 2010. Amended Complaint, at 8. Plaintiff asserts that Defendant Hutton acted under color of state law because Defendant Hutton "is a 'licensed' counselor at the New Hope of Mangum treatment facility. Progress reports are faxed to the [Washita/Custer] County Drug Court Team." Amended Complaint, at 2. Plaintiff alleges that Defendant Avera "stated that the slurs were 'funny' and did nothing to discourage this type of behavior" and also "fail[ed] to protect Plaintiff from a psychological and an emotionally harmful environment." Amended Complaint, at 8.

D. Count Four

In count four, Plaintiff alleges his equal protection rights were violated by Defendants Enderle and Avera, among other Defendants. As support, Plaintiff alleges that these Defendants "prevented Plaintiff's participation on the [Washita/Custer County] Drug Court program because his religious beliefs are not from a western or 'Christian' based theology" and "where the physical environments prevented participation as other similarly situated participants." Amended Complaint, at 8. As support, Plaintiff also alleges in count four that Defendant Enderle did not "inform D.A.R.P. of religious differences and disabilities" when they "enforc[ed] a court ordered mandate to attend this facility." Amended Complaint, at 9.

Plaintiff further alleges in count four that Defendant Avera did not "stop the discrimination" after she was "made aware of a situation involving racial profiling by staff member, Defendant Hutton." Amended Complaint, at 9. Plaintiff alleges that Defendant Weedon "was notified on January 5, 2009, in writing, to the conditions and problems concerning the Plaintiff's disability," that Defendant Enderle, among other Defendants

"fail[ed] to protect the Plaintiff of his rights and designate[d] Plaintiff to an incompatible facility." The remaining allegations in count four are not directed toward Defendant Enderle.

E. Count Five

In count five, Plaintiff alleges that Defendant Enderle, among other Defendants,[7] denied Plaintiff his rights under the Due Process Clause of the Fourteenth Amendment by "fail[ing] to follow all the procedural guidelines set forth in the: handbook, performance contract, rules set forth by the Courts, Congress, State Constitution and the United States Constitution." Amended Complaint, at 9.  As  support, Plaintiff alleges that Defendant Enderle, among other Defendants, "impose[d] sanctions (punishment) at will" in violation of the Washita/Custer County Drug Court Program handbook and Plaintiff's performance contract and in violation of the "Fourteenth Amendment." Amended Complaint, at 9-10.

Plaintiff further alleges in count five that "D.A.R.P. is an illegitimate treatment provider according to Oklahoma Drug Court Act" because it does not employ certified or licensed substance abuse counselors. Amended Complaint, at 10.  Plaintiff also alleges that Defendant Enderle, among other Defendants,[8] "provided privileged information to be used by the prosecution against Plaintiff without consent" in violation of the Oklahoma Drug Court Act and the Due Process Clause.  Amended Complaint, at 10.  He alleges this "privileged information" was "divulged during treatment sessions and investigations [and used] as means to end the Plaintiff's participation from the program." Amended Complaint,

---

[7] Plaintiff also named former Defendant Hendrickson in this claim.

[8] Plaintiff also named former Defendant Hendrickson in this claim.

at 11.

F. Count Six

      In count six, Plaintiff alleges that Defendant Enderle, among other Defendants, failed to provide Plaintiff with "Brady material" or "exculpatory evidence" that was "unavailable" to him or "unattainable" for use at Plaintiff's Drug Court termination hearing. As support, Plaintiff refers to certain purported documentary evidence, including "Custer County Detention Center Book-in Records," which he alleges provide "proof of multiple punishments upon the Plaintiff" and "[c]orroborates Plaintiff's allegation of Deprivation of Liberty, Double Jeopardy, procedural Due Process rights, and Sixth Amendment;" the "D.A.R.P. Intake Application," which he alleges "corroborates Plaintiff's allegation of disabilities discrimination, Equal Protection, procedural Due Process rights, and Sixth Amendment;" the "D.A.R.P. Contract: 'Medical History' Form," which he alleges "corroborates Plaintiff's allegation of disabilities discrimination, Equal Protection, procedural Due Process rights, and Sixth Amendment;" a "D.A.R.P. Contract," which he alleges "corroborates Plaintiff's allegation of disabilities discrimination, Equal Protection, procedural Due Process rights, and Sixth Amendment;" and the "New Hope of Mangum, Oklahoma; Pass Log Entry 1-24-2010," which he alleges "corroborates Plaintiff's allegation of false evidence, and Sixth Amendment right to confrontation." Amended Complaint, at 10-13. Finally, Plaintiff cites a "Joint Petition; Workman's Compensation Court; on February 5, 2009 . . . [which] declares Plaintiff's disability rating" and "corroborates Plaintiff's allegation of disabilities discrimination, Equal Protection, procedural Due Process rights, and

Sixth Amendment." Amended Complaint, at 13.

Plaintiff also alleges in count six that Defendant Holland testified falsely and "commit[ed] perjury" during Plaintiff's Drug Court termination hearing.   Amended Complaint, at 13.

G. <u>Count Seven</u>

In count seven, Plaintiff alleges Defendant Enderle, among other Defendants, violated Plaintiff's "constitutional right [to be protected] from double jeopardy with multiple punishments from the same act."  As support, Plaintiff alleges that he was sanctioned on June 3, 2009, with "eight hours community service . . . for a late call-in" and this sanction was also "used by Drug Court for termination."  Amended Complaint, at 13-14. Plaintiff alleges that "seeking [his] termination from the Drug Court program after a sanction already imposed violates Double Jeopardy's multiple punishment prohibition." Amended Complaint, at 14.

H. <u>Count Eight</u>

In count eight, Plaintiff alleges that he was subjected to procedural due process violations and "unjust punishment" or "[u]nusual [p]unishment" by Defendant Enderle, among other Defendants, because he was not provided notice of the reason for the "unjust [ ]" "imposition of the sanction - - in-patient therapy." Amended Complaint, at 14.  Plaintiff also alleges that Defendant Enderle and other Defendants  violated the "due process lettering" of the Oklahoma Drug Court Act  because he was terminated from the Washita/Custer County Drug Court program "within the '(6)-six month participation' clause/provision in conjunction with Count V-7(c)." Amended Complaint, at 15.

8

Demands for Relief

Plaintiff seeks monetary damages against Defendants "in their personal and official capacities . . . ." Amended Complaint, at 19-21.  Plaintiff also seeks "injunctive relief" in order "to admonish and punish each of the Defendants' conducts and actions financially and publicly, in such a way as to discourage any similar actions." Amended Complaint, at 20-21.

Standard of Review - Motion for Summary Judgment and § 1915 Review

Summary judgment may be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party.  Burke v. Utah Transit Auth. & Local, 462 F.3d 1253, 1258 (10th Cir. 2006)(quotation omitted), cert. denied, 550 U.S. 933 (2007).  A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id.  "At the summary judgment stage, a complainant cannot rest on mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Burke, 462 U.S. at 1258 (internal quotation marks and citations omitted).[9]  "Where the record taken as a whole could not lead

_____

[9] In a prisoner civil rights case such as this one, the plaintiff's complaint is treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall, 935 F.2d at 1111.

9

a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quotations omitted).

Additionally, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). On review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In reviewing a complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), all well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most favorable to the non-moving party. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). In order to state a claim for relief, a complaint must present factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. See

Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). See Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997)(courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

Oklahoma Drug Court Act

The provisions of the Oklahoma Drug Court Act, Okla. Stat. tit. 22, §§ 471-471.11, were summarized in the previously entered Third Supplemental Report and Recommendation. Without reciting the summary again, that summary applies to the disposition herein. Under Oklahoma law, "[t]he decision to revoke or terminate a Drug Court defendant is within the trial judge's discretion." Lewis v. State, 220 P.3d 1140, 1143 (Okla. Crim. App. 2009). A defendant has the right to appeal to the OCCA from a decision to revoke or terminate his or her participation in a Drug Court program. Hagar v. State, 990 P.2d 894, 898 (Okla. Crim. App. 1999). This is a "separate and distinct appeal, to be addressed on its own merits." Looney v. State, 49 P.3d 761, 765 (Okla. Crim. App. 2002).

Uncontroverted, Material Facts

With respect to Plaintiff's claims against Defendants Hutton, Avera, Holland, and Enderle, it is not controverted by the parties that:

1. The Washita/Custer County Drug Court program is a voluntary diversion program

11

established by the District Courts of Washita and Custer Counties in Oklahoma pursuant to

the Oklahoma Drug Court Act, Okla. Stat. tit. 22, § 471.1-471.11.

2.  As part of a negotiated plea agreement, on May 18, 2009, Plaintiff entered pleas of guilty

to the offenses of Distribution of Controlled Dangerous Substance Within 2000 Feet of a

Child Care Facility in Case No. CF-2007-296, District Court of Custer County, and

Conspiracy to Deliver Controlled Dangerous Substance, Case No. CF-2007-313, District

Court of Custer County.

3.  As an alternative to incarceration, Plaintiff voluntarily agreed to enter the Washita/Custer

County Drug Court program. According to the plea agreement and performance contract

signed by Plaintiff at the time of the plea, if he successfully completed the program he would

be sentenced in each case to a six-year term of imprisonment, suspended, and certain costs.

If he failed to complete the Washita/Custer County Drug Court program he would be

sentenced in each case to a fifteen-year term of imprisonment in the custody of the Oklahoma

Department of Corrections and certain costs.

4.   Although each member of the Drug Court Team gives valuable information and

recommendations to the presiding Drug Court Judge for each Drug Court participant, the

Drug Court Judge alone has the authority to order participants to act or to be terminated from

the Drug Court program.

5.  Each Washita/Custer County Drug Court program participant must sign a Performance

Contract upon entering the Drug Court program, and this contract specifies certain duties

required of the participant, including a requirement to maintain gainful employment and to

12

cooperate in rehabilitative counseling at an approved rehabilitative center.

6. During his probationary period in the Washita/Custer County Drug Court program, Plaintiff was directed by the presiding Drug Court Judge to attend two in-patient substance abuse treatment programs.  Plaintiff voluntarily participated in DARP, a private substance abuse treatment center located in Tahlequah, Oklahoma, from July 23, 2009 to September 24, 2009.

7. After Plaintiff left the DARP program, the presiding Drug Court Judge directed Plaintiff to complete a second private substance abuse treatment center, New Hope.  New Hope is an Oklahoma nonprofit corporation licensed by the Oklahoma Department of Mental Health and Substance Abuse Services to provide rehabilitative services to those with drug or alcohol addiction and is certified by the Commission on Accreditation of Rehabilitative Facilities.

8. From November 13, 2009 to January 25, 2010, Plaintiff attended New Hope to receive inpatient rehabilitative treatment.

9. New Hope employs licensed counselors and receives some state funding to provide its services to indigent patients.[10]  New Hope also receives referral from the Washita/Custer County Drug Court Program.  New Hope's long-term strategies and day-to-day operations

---

[10] In his responsive pleading (Doc. # 131), Plaintiff "disagrees" with this statement but provides no documentary evidence demonstrating a material, disputed issue of fact concerning this statement.

are created and implemented by New Hope employees.[11]

10. At the relevant times, Defendant Hutton was a licensed counselor at New Hope, Defendant Avera was a licensed counselor at New Hope, and Defendant Holland was a staff member at New Hope.

11. Defendant Enderle, a counselor at New Hope, was a member of the Drug Court Team during Plaintiff's participation in and termination from the Washita/Custer County Drug Court Program and made recommendations to the presiding Drug Court judges in this capacity.  Defendant Enderle interviewed Plaintiff on May 3, 2009, and recommended that Plaintiff be admitted into the Drug Court program.

12. Plaintiff failed to complete both the DARP and New Hope treatment programs, and he was ultimately terminated from the Drug Court program and sentenced consistent with the plea agreement.

13.  Plaintiff's Drug Court termination and judgment and sentence were affirmed by the Oklahoma Court of Criminal Appeals.

Absolute Immunity for Judicial Officers

Defendant Enderle seeks summary judgment as to Plaintiff's § 1983 and ADA claims against him under § 1983 for damages in his individual capacity on the ground of absolute judicial, or quasi-judicial, immunity.  It is not disputed that Mr. Enderle was a member of the

---

[11] Although in his responsive pleading (Doc. # 131) Plaintiff "disagrees" with this statement, he fails to provide documentary evidence demonstrating a material, disputed issue of fact concerning this statement.  The remainder of Plaintiff's "disagreements" with the statement of facts set forth in the Motion for Summary Judgment by Defendants Enderle, Holland, Hutton, and Avera fail to present documentary evidence demonstrating a material, disputed issue of fact.

Washita/Custer County Drug Court Team during the time of Plaintiff's participation in and termination from the Washita/Custer County Drug Court program.

Judges are immune from liability for damages or injunctive relief, including 42 U.S.C. § 1983 actions for allege constitutional deprivations, when the action complained of was taken in their judicial capacity, even if that action "was in error, was done maliciously, or was in excess of [their] authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). See Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)(judicial "immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff'")(quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872)). The absolute immunity of judges extends to "'non-judicial officers where their duties had an integral relationship with the judicial process,'" including court clerks. Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002)(quoting Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000)).

Plaintiff has alleged only actions taken by Mr. Enderle as a court official "acting under the command of a court decree or explicit instructions from a judge." Henricksen v. Bentley, 644 F.2d 852, 856 (10th Cir. 1981). Plaintiff does not allege that Defendant Enderle in any way actively developed, implemented, or participated in treatment decisions while Plaintiff was receiving inpatient treatment at DARP or New Hope, that Defendant Enderle coerced Plaintiff to participate in these treatment programs, or that Defendant Enderle specifically took any action to impose any sanctions upon Plaintiff during his participation in the Washita/Custer County Drug Court program. Plaintiff admits that Defendant Judge

Kelley "imposed the sanction of in-patient therapy." Amended Complaint, at 13. Under Oklahoma law, the presiding Drug Court Judge makes all decisions concerning the probationary conditions and termination of a Drug Court participant. Plaintiff's claims against Defendant Enderle stem solely from Enderle's actions undertaken as a part of his official duties for the Drug Court and are integrally connected with the judicial process. For these actions as alleged by Plaintiff in counts one, four, five, six, seven, and eight, Defendant Enderle is entitled to absolute immunity. See Trackwell v. U.S. Government, 472 F.3d 1242, 1247 (10th Cir. 2007)(when a court clerk "assists a court or judge in the discharge of judicial functions, the clerk is considered the functional equivalent of the judge and enjoys derivative [absolute judicial] immunity"); Whitesel v. Sengenberger, 222 F.3d 861, 868 (10th Cir. 2000)(court officials are immune for "judicial acts integral to the judicial process"). See also Thorne v. Hale, 2009 WL 3733344, at * 6 n. 1 (E.D. Va. Oct. 29, 2009)(unpublished op.)(holding drug court administrator was protected by derivative absolute judicial immunity because she acted in obedience to judicial order or under court's direction), aff'd, 370 Fed.Appx. 437, 2010 WL 1018048 (4th Cir. 2010). Therefore, Defendant Enderle's Motion for Summary Judgment should be granted, and judgment should issue in favor of Defendant Enderle and against the Plaintiff with respect to Plaintiff's § 1983 and ADA claims against Defendant Enderle in his individual capacity as alleged in counts one, two, four, five, six,

seven, and eight on the ground of absolute judicial immunity.[12]

Absolute Immunity for Witnesses

In a single allegation naming Defendant Holland in count six of the Amended Complaint, Plaintiff alleges that Defendant Holland gave "false" and perjured testimony during Plaintiff's Drug Court termination hearing. Amended Complaint, at 12.   As to Plaintiff's claim against Defendant Holland under § 1983, Defendant Holland seeks summary judgment on the ground that he is protected from a § 1983 action for damages by absolute witness immunity concerning his testimony at the Drug Court termination hearing.

"A witness is absolutely immune from civil liability based on any testimony the witness provides during a judicial proceeding 'even if the witness knew the statements were false and made them with malice.'" PJ ex rel. Jenson, 603 F.3d at 1196 (quoting Briscoe v. LaHue, 460 U.S. 325, 332 (1983)).  Thus, even if Defendant Holland gave testimony that was fraudulent, he is entitled to absolute immunity.  Accordingly, Defendant Holland's Motion for Summary Judgment should be granted with respect to Plaintiff's claim against him in count six under 42 U.S.C. § 1983, and judgment should enter with respect to this claim in favor of Defendant Holland and against the Plaintiff on the basis of absolute witness immunity.

---

[12] Defendant Enderle is not a state official.  Rather, his actions as alleged by Plaintiff were undertaken in his capacity as an individual, employed as a counselor at New Hope, who was a member of the Drug Court Team which made recommendations to the presiding Drug Court judges during the time that Plaintiff was a participant in the Washita/Custer County Drug Court program. Therefore, Plaintiff cannot state a plausible claim against Defendant Enderle in his "official" capacity under § 1983 or the ADA.

Claim of Perjury

In his Amended Complaint, Plaintiff states that he is asserting "pendant jurisdiction under 28 U.S.C. § 1367." Amended Complaint, at 5. With respect to the issue of pendent state law issues, Plaintiff does not clearly allege any state law claims in his Amended Complaint. Generously construing the allegations in count six, Plaintiff is apparently asserting that Defendant Holland is liable to him for monetary damages for "perjury." Amended Complaint, at 13. Defendant Holland seeks summary judgment with respect to this claim on the ground that no such state action exists.

There is no civil cause of action for perjury in Oklahoma. Cooper v. Parker-Hughey, 894 P.2d 1096, 1100-1101 (Okla. 1995). Although Okla. Stat. tit. 76, § 2 "permits one damages by another's deceit to receive damages," this provision only "permits recovery for one deceived by another," and a witness who testifies falsely has "deceived the jury" and not the parties. Id. at 1100. Moreover, a witness in a judicial proceeding in Oklahoma is "immune from actions for libel." Id. Accordingly, there is no material issue for trial with respect to Plaintiff's pendent state tort claim of perjury, and Defendant Holland is entitled to judgment as a matter of law with respect to this claim. Therefore, Defendant Holland's Motion for Summary Judgment with respect to Plaintiff's state-law perjury claim against him should be granted, and judgment should enter in favor of Defendant Holland and against the Plaintiff as to this claim.

Claim of "Racial Discrimination"

In count three, Plaintiff alleges that Defendant Hutton discriminated against him by

18

calling him names that Plaintiff alleges were "racial slurs." Amended Complaint, at 8. Plaintiff also names Defendant Avera in this count and alleges that Defendant Avera "fail[ed] to protect Plaintiff from [this] harmful environment." Amended Complaint, at 8.  Plaintiff further alleges in count four that Defendant Avera did not "stop the discrimination" after she was "made aware of a situation involving racial profiling by staff member, Defendant Hutton." Amended Complaint, at 9.

"[B]eing subjected to nothing more than threats and verbal taunts" does not violate the Constitution. McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001); see also Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(per curiam)(holding sheriff's laughing at inmate and threat to hang him were insufficient to state a constitutional deprivation). Accordingly, Plaintiff has failed to state a plausible claim for relief under 42 U.S.C. § 1983 as to Defendants Hutton and Avera with respect to his claims in counts three and four, and these claims against Defendants Hutton and Avera should be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Alternative Jurisdictional Bases for Action

For the same reasons set forth in the Third Supplemental Report and Recommendation (Doc. # 135, at 32), to the extent Plaintiff is alleging that Defendants Hutton, Avera, Holland, and Enderle are liable to him under 42 U.S.C. § 1985(3) and § 1986, Plaintiff has failed to state a plausible claim upon which relief may be granted, and these claims should be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Section 1983 Claims Based on State-Law Violations

Throughout his Amended Complaint, Plaintiff alleges various failures by Defendants to follow Oklahoma laws, regulations, or "procedural guidelines." He seeks damages from Defendant Enderle, among other Defendants, in counts five and eight for these alleged deficiencies. All of these state law deficiencies alleged by Plaintiff, even if accepted as true, "do not signify an unconstitutional denial of due process." Guttman v. Khalsa, 669 F.3d 1101, 1115 (10th Cir. 2012)(citing Hicks v. City of Watonga, 942 F.2d 737, 746 n. 4 (10th Cir. 1991)); Eidson v. Owens, 515 F.3d 1139, 1148 (10th Cir. 2008); Jones v. City and County of Denver, 854 F.2d 1206, 1209 (10th Cir. 1988)("Section 1983 does not ... provide a basis for redressing violations of state law, but only for those violations of *federal* law done under color of state law.")(emphasis in original).

The Oklahoma Drug Court Act provides that "[a]ll participating treatment providers shall be certified by the [DMHSAS] and shall be selected and evaluated for performance-based effectiveness annually by the [DMHSAS]." Okla. Stat. tit. 22, § 471.6(G). Plaintiff complains that his rights under § 1983 were violated because DARP was not certified as a treatment provider by DMHSAS. Plaintiff also complains that he was entitled to or denied other procedural rights set forth in the Drug Court handbook and performance contract he signed when he was admitted to the Washita/Custer County Drug Court program. However, any violation by the Defendants of the provisions of the Oklahoma Drug Court Act, Washita/Custer County Drug Court's handbook, or the performance contract signed by Plaintiff, even if those rules are mandated by state law, are not a violation of constitutional

due process.  See Nordlinger v. Hahn, 505 U.S. 1, 26 (1992)("A violation of state law does not by itself constitute a violation of the Federal Constitution.").

Consequently, even if Defendant Enderle is not entitled to absolute immunity with respect to Plaintiff's claims against him in counts five and eight of the Amended Complaint, Plaintiff's claims against Defendant Enderle in counts five and eight should be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Negligence

In counts two and four of the Amended Complaint, Plaintiff alleges Defendant Enderle is liable to him because Defendant Enderle, among other Defendants, failed to notify or inform the DARP substance abuse treatment facility of Plaintiff's alleged "religious preference and disabilities before designation to this facility." Amended Complaint, at 7, 9. To state a claim under § 1983, a plaintiff must allege that the deprivation of his rights was intentional.  See Daniels v. Williams, 474 U.S. 327, 331 (1986)(due process guarantees under Fourteenth Amendment historically have applied only to "*deliberate* decisions of government officials to deprive a person of life, liberty, or property"); Gray v. Univ. of Colo. Hosp. Authority, 672 F.3d 909, 930 (10th Cir. 2012)(recognizing that under Daniels "*regardless of the circumstances preceding the act*, a negligent act that is directly responsible for causing harm to the victim never constitutes a substantive due process violation because such an act never constitutes a constitutional deprivation of life, liberty, or property").   Assuming without finding that Defendant Enderle acted under color of state law and to the extent Defendant Enderle is not entitled to absolute judicial immunity with respect to the specific

allegations made against Defendant Enderle in counts two and four of the Amended Complaint, Plaintiff has failed to state a plausible claim for relief against Defendant Enderle under § 1983. Therefore, Plaintiff's specific claims against Defendant Enderle in counts two and four of the Amended Complaint should be *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Habeas Corpus as Only Remedy

In counts five, six, seven, and eight of the Amended Complaint, Plaintiff alleges that Defendant Enderle, among other Defendants, is liable to Plaintiff under 42 U.S.C. § 1983 for alleged due process, Brady v. Maryland, 373 U.S. 83 (1963), and double jeopardy violations. However, as previously found in the Third Supplemental Report and Recommendation (Doc. # 135, at 25-29), these claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). For the same reasons stated therein, Plaintiff's § 1983 claims against Defendant Enderle in counts five through eight seeking damages from Defendant Enderle in his individual capacity (and assuming without finding Defendant Enderle acted under color of state law with respect to the specific allegations made against him in these claims and to the extent Defendant Enderle is not entitled to absolute quasi-judicial immunity) should be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice for failure to state a claim upon which relief may be granted. Also, for the same reasons stated in the Third Supplemental Report and Recommendation, the Court should not construe the Amended Complaint to assert any claim for habeas relief under 28 U.S.C. § 2254.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the Motion for Summary Judgment (Doc. # 124) by Defendants Holland and Enderle be GRANTED and that judgment enter in favor of these Defendants and against the Plaintiff as to Plaintiff's claims against Defendant Enderle in counts one, two, four, five, six, seven, and eight, and as to Plaintiff's claims against Defendant Holland in count six.  It is further recommended that as to Plaintiff's claims against Defendants Hutton and Avera in counts three and four these claims against Defendants Hutton and Avera should be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is further recommended that Plaintiff's claims against Defendants Hutton, Avera, Holland, and Enderle (1) under 42 U.S.C. § 1985(3) and § 1986 and (2) under Oklahoma law and "procedural guidelines" adopted by the Washita/Custer County Drug Court be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.   Alternatively, as to Defendant Enderle and to the extent Defendant Enderle is not entitled to absolute judicial immunity, it is recommended that Plaintiff's claims against Defendant Enderle in counts two, four, five, six, seven, and eight be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised of the right to file an objection to this Fifth Supplemental Report and Recommendation with the Clerk of this Court by _____July 12th___, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Fifth Supplemental Report and Recommendation would waive appellate review of the

recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Fifth Supplemental Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __22nd__ day of ___June___, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE