

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DENNIS MALIPURATHU,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-11-646-W** |
| | ) | |
| **RAYMOND JONES, et al.,** | ) | |
| **Defendants.** | ) | |

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

## NOTICE OF OBJECTION AND INTENT TO APPEAL
## FOURTH SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff objects as he has entered a "Motion for Subpoena of Documents" and has been denied by this Court. Declarations are necessary as they are not in the Plaintiff's possession, the documents and records requested support Plaintiff's allegations to issues of genuine facts. This Court's denial of such documents impedes Plaintiff's ability to mitigate the merits of his claims under **Fed.R.Civ.P., Rule 12(d);** no opportunity is afforded to Plaintiff to present all material relevant to his allegation/claim; **Hickman v. Taylor, 329 U.S. 495 (1971).** This Court has denied every attempt in Plaintiff trying to obtain relevant documents to evidence genuine, material facts, and has been made aware that Plaintiff is being denied his fundamental right to access the prison law library which is greatly effecting Plaintiff's ability to conduct serious legal research and argue the material facts and/or merits of the Amended Complaint. This Court has denied every motion that Plaintiff has entered except one, where evidence supported Plaintiff's claim-through discretion of United States District Judge Lee West-serving summons on a Defendant. Plaintiff can obtain documentation to support his claim, but cannot do so when Magistrate Judge Purcell denies the ability to obtain it. Plaintiff can only contend

the following as other avenues are have been denied by United States Magistrate Judge
Gary M. Purcell.

## MATERIAL FACTS PRESENTED BEFORE THIS COURT

1. Plaintiff has provided a portion of the tenets of his faith before this Court and has
   described how DARP's grooming policy violates Plaintiff's First Amendment
   rights;

2. Plaintiff has made this Court aware that *Special Report Attachment #28* has been
   altered;

3. Defendant Jones states in *Special Report Attachment #28,* referred to his
   grooming policy as "Christian-style haircut", imposing and coercing his religious
   principles upon Plaintiff, *see page 57;*

4. Defendant clearly states in *Special Report Attachment #28,* that Plaintiff would
   not receive services from DARP without cutting his hair, violating the Plaintiff's
   religious freedoms. *See page 58;*

5. This testimony is taken under oath and is an admission to violate Plaintiff's
   religious beliefs, though DARP's policy states otherwise, *see page 58, lines 18-
   21; see also Special Report Attachment #62.*

6. Mandatory adherence to any faith other than the faith the Plaintiff professes
   violates the First Amendment and is criminalized in the State of Oklahoma, *see
   Special Report Attachment #62, DARP's founding principles;*

   In **Burgess v. State** *supra* states, that when a person designated to take custody
and control over a drug court participant, that person is liable for any action that violates

2

a fundamental right, while acting under the authority of drug court/color of law. Defendant Jones is clothed in the authority of State law upon accepting the Plaintiff, an offender on supervised release, into Defendant's custody and control.  Defendant Jones now becomes a "supervising staff/participating party" of the drug court program. Defendant Jones need not be a State official to act under color of State law.  The conjunctive action between Defendant Jones and drug court is the rehabilitation requirement to participate in "Christianity" and "Christian-faith based practices", where the willful failure to comply will result in termination, *see Special Report Attachment #56, Contract Rule #24.*  This Court has been notified on the particulars regarding Plaintiff's faith in regards to his hair and meditation practices.  Defendant Jones specifically states that Plaintiff would be removed from DARP immediately for refusing to cut his hair, *see Special Report Attachment #28, page 58, lines 18-21*.  Defendant Mack Bentley on May 17, 2010 and the Defendants of the Drug Court team, affirm that drug court refers its participants to attend their facilities at no-cost to drug court/participant.

Plaintiff has shown this Court the tenets of his faith regarding his hair, Defendant Jones testifies on May 17, 2010 his grooming policy, which is directly adverse Plaintiff's form of worship.  The instant action is exact that of **Hanas v. Inner City Christian Outreach Inc., 542 F.Supp.2d 683 (E.D. MICH 2008)** where Defendants Weedon, Kelly, Garcia, and Thiessen, in their sworn affidavits-*Special Report Exhibits #57-60*, state that Plaintiff is referred to DARP because it provided its services for a no-cost residential treatment.  Defendant Thiessen states in the *Special Report*, that he is responsible for the referrals to treatment facilities.   The Custer/Washita County

Performance Contract, Rule #24 (*Special Report Attachment/Exhibit #56*) in black-and-white, compels Plaintiff to participate in any "treatment and rehabilitation requirement"; even particular religious-based activities, or termination will result for failure to comply. This is the coercion used to enforce Plaintiff to violate his fundamental rights, *see* ***Abdulhaseeb v. Calbone****,*-*"Hobson's Choice"*.

<b>CONFIRMED FACTS</b>

1. Defendant Jones requires Plaintiff to cut his hair to receive DARP services. *See Special Report Attachment #28.*

2. DARP's founding principles require mandatory attendance of Sunday church services. *See Special Report Attachment #62.*

3. DARP's AA/NA meetings begin and end with Christian-based prayers, as previously claimed by Plaintiff.

4. DARP's founding principles indicate that all religions will be conformed in attendance of one Sunday service. *See Special Report Attachment #62.*

5. DARP prevents/violates Plaintiff from practicing his own faith by requiring him to cut his hair.

6. Freedom of Conscience and Freedom of Worship are constitutional freedoms imposed under the First Amendment.

7. Magistrate Judge Purcell confirms that an individual person from a drug treatment facility can be sued under § 1983 for a constitutional deprivation, i.e. preventing a Plaintiff from exercising his choice of religion and forcing Plaintiff into activities grounded in another religion's tradition. *See* ***Hanas v. Inner City Christian Outreach, Inc., 542 F.Supp.2d 683 (E.D. MICH 2008).***

8. Plaintiff alleges the exact same conduct confirmed by Magistrate Judge Purcell.

9. The Washita/Custer County Drug Court Performance Contract, *Special Report Attachment #56,* clearly affirms that Plaintiff will be removed from drug court for willful failure to comply with treatment or rehabilitation rules. *See Hanas, <u>Id.</u> At 693.*

10. Defendants Weedon, Kelly, Garcia, and Thiessen, confirm in *Special Report Attachments #57-61,* that Plaintiff was sent to DARP because the treatment provider offers no-cost residential treatment to drug court/Plaintiff. *See Hanas, <u>Id.</u>*

11. Defendant Thiessen claims responsibility in referring Plaintiff to DARP as his responsibility of drug court. *See Hanas, <u>Id.</u>*

12. Magistrate Judge Purcell again confirms a decision by Ninth Circuit Appeals Court, held:

    *"...because of the religious focus of AA and NA programs, forcing prisoners and parolees to participate in such programs violates their clearly established First Amendment rights...", see **<u>Inouye v. Kemna,</u> 504 F.3d 705, 710 (9th Cir. 2007).***

13. Plaintiff has previously made this claim against Defendant Jones and DARP.

14. Defendant McPhearson questions Defendant Jones on his religious theories prior to examining Plaintiff on May 17, 2010. This Court could have known this fact, if the Court would entertain Plaintiff's claim as *Special Report Attachment #28* has been altered as previously claimed.

15. *Special Report Attachment #56, Performance Contract Rule #24,* is coercive because "Plaintiff would be terminated if he willfully failed to comply with treatment or rehabilitation requirements", *Id. at 713.* Plaintiff was given *"Hobson's Choice";* violate his performance contract willfully or, on the other hand, violate his fundamental right to exercise his choice of religion.

16. Magistrate Judge Purcell ignores the facts provided stating Plaintiff was not compelled to participate, s*ee [Doc. #137], page 16,* however, the Washita/Custer County Performance Contract, *Special Report Exhibit #56, Contract Rule #24* states otherwise.

17. Defendant Jones founding principles (including his grooming policy, see *Special Report Attachment #28)* is religious based, as claimed previously by Plaintiff, Attachment #28 is altered and not transcribed in its entirety. Defendant McPhearson asks Defendant Jones, *"I've read the bible and am not familiar with a "Christian-style" hair cut. Can you help explain that?"* Defendant Jones then gives his testimony of the grooming policy, on page 57. Plaintiff has given a penalty of perjury that this is a true fact. Magistrate Judge Purcell again ignores Plaintiff claims.

18. Defendant Jones admits in *Special Report Attachment #28,* that he was not present during the initial intake, nor was he informed by his employee(s) of Plaintiff's religious and disabilities issues.

19. Magistrate Judge Purcell confirms that DARP is given authority to treat Plaintiff, that authority is under color of state. *See **Lugar v. Edmonson Oil.***

20. The necessary joint action is established in the Special Report by Defendants and again, by Magistrate Judge Purcell by citing two distinct cases that are exactly and instantly similar to the Plaintiff's claims, and citing that DARP is given authority by drug court, however, this Court cannot keep ignoring genuine facts and dismissing Defendants because the Plaintiff is representing himself pro-se. Plaintiff is entitled to the liberal construction of his Complaint under ***Haines v. Kerner supra***, this is to include legal theories. Plaintiff believes that he is not receiving a fair hearing on the merits, nor is this Court allowing Plaintiff to obtain evidences that are outside his possession to affirm his allegations-where such evidence would turn the findings for the Plaintiff, and is requesting an appeal.

## DEPRIVATIONS

Plaintiff has supplied this Court with tenets of his faith, ensuring this Court that cutting his hair violates not only a religious belief; it also violates both his First Amendment "Exercise" and "Establishment" rights. Plaintiff has described to this Court that Christian-faith based prayers are recited in the beginning with the serenity prayer of each AA/NA meeting, and end with the lord's prayer. This Court cites exactly a case from the Ninth Circuit Appeals Court, an action the Plaintiff is not only contesting as a First Amendment violation, but also forcing the Plaintiff to do so by contract, as previously claimed.

Plaintiff has personal knowledge that Special Report Attachment #28 has been altered. Plaintiff has described several situations that are omitted from Attachment #28, however, and for whatever reason this Court will not allow the Plaintiff to prove his case or obtain documents or records that are outside of his possession.  DARP accepted the

Plaintiff into their facility after written notification of a 'skeletal condition', and was also notified of physical limitations in writing on July 23, 2009. This Court must compel DARP to produce this document, it is the undeniable material proof that DARP was made aware in writing by Plaintiff. This Court again has denied Plaintiff of his ability to obtain this document. Plaintiff documented that he cannot stand for long hours, bend at the waist, or do any heavy lifting. The multiple jobs at DARP require this type of work. Removing the Plaintiff from this facility after being notified of his physical disabilities and limitations **is disabilities discrimination**. However, this Court just keeps ignoring the basic facts. If DARP is forced to produce the document signed in Tahlequah, Oklahoma on July 23, 2009, it will show facts in favor of the Plaintiff; but this Court must be aware that Plaintiff believes this document will somehow "go missing" as DARP has failed to produce the document in their *Special Report*.

Plaintiff did in-fact object to his hair being cut, however, once threatened to be failed from drug court and going to prison, Plaintiff complied, that is not only coercion, but also blackmail. Defendant Jones also testified at the termination hearing that he was not present at the intake hearing. The question remains now how this Court can accept hearsay testimony from Defendant Jones consisting of topics that Defendant himself testified at the hearing-was not present and cannot account for? Material proof that this Court is not giving Plaintiff a fair hearing. Plaintiff admits that he does not respect anyone who refers to Plaintiff in terms of racial slurs, this is to include staff at New Hope involved. Again, as a previous Court has decided the racial slurs/profiling is okay and acceptable behavior, Plaintiff is assuming that the instant Court is stating the same.

Plaintiff is not going to get a fair hearing in this Court, where Magistrate Purcell will not allow Plaintiff to obtain necessary evidences to mitigate the merits of his case. Example:

> *A private non-profit corporation given authority by a drug court to supervise, direct, and regulate Plaintiff within the State is an "instrumentality of the state" and therefore a public entity as defined in ADA, since drug courts delegate authority to direct and control Plaintiff in their care. Private entities are considered public accommodations, if the operations of such entities for the purpose of ADA affecting a place of education; DARP being a drug treatment facility, educating those with the disease of addiction.* See ADA, 42 §§§ 12131(2);12181(J);12182(a).

However, Defendant Jones is subject to liability under ADA because he is the operator of a "public accommodation", where he is the person in a position of authority (as a policy-maker), having both power and discretion to perform actual discriminatory acts and those acts are a result of Defendant's own discretion, policies, and mandates; *see ADA, 42 § 12131(2).* Thus the **Title II Complaint** still has merit, because Defendant Jones IS A POLICY-MAKER OF DARP. Defendant Jones in his authority could have waived his policies and allowed Plaintiff (documented permanent partial disable) to perform duties that would not interfere with his physical limitations, as previously claimed.

## CONCLUSION

Magistrate Judge Purcell has documented and confirmed two distinct cases in direct reference to Plaintiff's Amended Complaint. Plaintiff attests (1) was forced to violate a tenet of his faith-cut his hair, (2) required to participate in another religions

tradition-Sunday church services as Court cited **Hanas v. Inner City Christian Outreach Inc.** *supra,* (3) was required to recite Christian-faith based prayers-Court cited **Inouye v. Kenma** *supra,* (4) was prevented from exercising his faith-maintain his hair length and meditation practices, (5) Defendants of drug court confirm that Plaintiff was sent to DARP because of the "no-cost" treatment, (6) DARP and New Hope confirm that drug court participants are a large part of referrals, and (7) drug court imposed Plaintiff to participate by contract, a treatment that clearly violates First Amendment rights because of the religious focus and Plaintiff's previously claimed recitation of christen-faith based prayers. It is for these main reasons cited that are instantly similar in likeness in two cases recognized and confirmed by this Court. Magistrate Judge Purcell continues to abuse his discretion through continually making decisions to dismiss that have been recognized by cases that the Judge cites, and also supported by the Constitution. The Plaintiff is eminently objecting and seeking appeal where the Judge Purcell's decision to dismiss Defendant Jones' discretion, policies, and mandates violates Plaintiff's fundamental rights by authority given to him in behalf of drug court.

**Respectfully Submitted,**

Dennis Malipurathu, Pro-Se
D.O.C. #261346
WSKCC Unit-C
P.O. Box 61
Ft. Supply, OK 73841

## CERTIFICATE OF MAILING

I, Petitioner hereby certify that on June 26, 2012 a true and correct copy of the

attached-motion was mailed to the following address listed below:

Office of the Clerk
U.S. Dist. Court
West. Dist. of OKLA
200 NW 4th St.
OKC, OK 73102

/s/ _____