IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

SEP - 4 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

DENNIS MALIPURATHU, )
 )
 Plaintiff, )
 )
vs. ) No. CIV-11-646-W
 )
RAYMOND JONES et al., )
 )
 Defendants. )

## ORDER

On June 11, 2012, United States Magistrate Judge Gary M. Purcell issued a Third Supplemental Report and Recommendation in this matter, wherein he made various recommendations regarding the Motion to Dismiss/Motion for Summary Judgment filed by defendants Ricky McPhearson, Ken Thiessen, Christopher S. Kelly (originally identified as "Christopher S. Kelley"), Jill Weedon and Juan Garcia. Magistrate Judge Purcell also made certain findings and recommendations with regard to defendants Mack Bentley and Simmons Foods. Plaintiff Dennis Malipurathu was advised of his right to object, and the matter now comes before the Court on Malipurathu's Motion to Object and/or Concede to Third Supplemental Report and Recommendation. See Doc. 139.

Malipurathu pled guilty to, and was convicted in the District Court for Custer County, Oklahoma, of, drug-related offenses, and he is currently incarcerated in the custody of the Oklahoma Department of Corrections, serving two (2) concurrent fifteen-year terms of imprisonment. E.g., State v. Malipurathu, Case No. CF-2007-296; State v. Malipurathu, Case No. CF-2007-313. In his amended complaint, Malipurathu named multiple defendants and sought relief for alleged constitutional and statutory deprivations as well

as for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 et seq.,[1] as amended by the ADA Amendments Act of 2008, Pub. L. 110–325, 122 Stat. 3555 (2008). All claims arise out of Malipurathu's unsuccessful participation in, and his termination from, the program implemented by the Washita/Custer County Drug Court, see 22 O.S. § 471 et seq., and his complaints about the conditions at the substance abuse treatment centers to which he was admitted during his participation in the Drug Court program.

Upon de novo review of the record and after applying the standards that govern Rules 12(b)(6) and 56, F.R.Civ.P., and title 28, section 1915(e) and 1915A of the United States Code, the Court concurs to the extent stated herein with Magistrate Judge Purcell's disposition of the defendants' Motion to Dismiss/Motion for Summary Judgment and his findings and suggested recommendations.

Accordingly, the Court

(1) ADOPTS in part the Third Supplemental Report and Recommendation [Doc. 135] issued on June 11 2012;

(2) GRANTS the Motion to Dismiss/Motion for Summary Judgment [Doc. 60] filed on October 12, 2011, by defendants McPhearson, Thiessen, Kelly, Weedon and Garcia;

(3) FINDS that defendants Kelly and Weedon, who are special judges for the District Court for Custer County, Oklahoma, defendants Garcia and McPhearson, who are assistant district attorneys for Custer and Washita Counties, Oklahoma, and defendant

---

[1] Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132.

Thiessen, who is the Washita/Custer County Drug Court coordinator, are entitled in their official capacities as "arms of the State of Oklahoma," e.g., Wagoner County Rural Water District No. 2 v. Grand River Dam Authority, 577 F.3d 1255 (10th Cir. 2009), to immunity from suit under the eleventh amendment to the United States Constitution as to those claims seeking monetary damages or declaratory relief,[2] if any, brought by Malipurathu under title 42, section 1983 of the United States Code and DISMISSES these claims with prejudice;

(4) FINDS that defendants Kelly and Weedon, in their individual capacities, are also entitled to absolute judicial immunity, e.g., Stump v. Sparkman, 435 U.S. 349 (1978), as to Malipurathu's section 1983 claims seeking monetary and/or equitable relief and DISMISSES these claims with prejudice;

(5) FINDS that defendants Garcia and McPhearson, in their individual capacities, are entitled to absolute prosecutorial immunity, e.g., Imbler v. Pachtman, 424 U.S. 409 (1976), as to Malipurathu's section 1983 claims seeking monetary and/or equitable relief and likewise DISMISSES these claims with prejudice;

(6) FINDS that defendant Thiessen, individually, is entitled to absolute judicial immunity, e.g., Lundahl v. Zimmer, 296 F.3d 936 (10th Cir. 2002), and DISMISSES with prejudice Malipurathu's section 1983 claims against him;

(7) FINDS that Malipurathu's claims against defendant Bentley, a resident of the state of Arkansas and the human relations director of Drug and Alcohol Recovery Program

---

[2] It does not appear that Malipurathu is alleging an ongoing violation of federal law or seeking any prospective injunctive or declaratory relief, see Doc. 14, other than to an order "admonish[ing] . . . each of the Defendants[ ] . . . in such a way as to discourage any similar actions." Id. at 21.

3

("D.A.R.P."), Inc., which maintains private substance abuse treatment centers in Decatur, Arkansas, and Tahlequah, Oklahoma, at which Malipurathu received treatment, should not be dismissed at this stage of the litigation[3] as Magistrate Judge Purcell has suggested;

(8) accordingly, FINDS that a ruling on Malipurathu's Motion for Default Judgment [Doc. 133] file-stamped May 16, 2012, wherein Malipurathu has sought judgment by default against Bentley, should be deferred pending further consideration and investigation of whether, for purposes of this Court's exercise of specific jurisdiction, Bentley "purposefully directed" his activities at a resident of this forum and whether this litigation has resulted from alleged injuries that "arise out of or relate to" those activities, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985);

(9) FINDS that Malipurathu's claims against defendant Simmons Foods, which is located in Decatur, Arkansas, and which employs D.A.R.P. participants in that state, should

---

[3] "[T]he question of '[w]hether a non-resident defendant has the requisite minimum contacts with the forum state to establish in personam jurisdiction must be decided on the particular facts of each case.'" Benton v. Cameco Corp., 375 F.3d 1070, 1076 (10th Cir. 2004)(quoting Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 456 (10th Cir. 1996)(internal quotation marks omitted)). In this connection, Malipurathu "need only make a prima facie showing," Behagen v. Amateur Basketball Association, 744 F.2d 731, 733 (10th Cir. 1984), of Bentley's "'contacts, ties, or relations,'" Burger King Corporation v. Rudzewicz, 471 U.S. 462, 472 (1985)(quoting International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945))(footnote omitted), with Oklahoma, and in this preliminary stage of the litigation, Malipurathu's "burden [in making such a showing] is light." AST Sports Science, Inc. v. CLF Distribution Ltd., 514 F.3d 1054, 1056 (10th Cir. 2008)(citation omitted).

As the record reveals, at the hearing conducted on May 17, 2010, by the Honorable Charles L. Goodwin regarding Malipurathu's termination from the Drug Court program, Bentley testified that he was the "human relations director [for D.A.R.P. and was charged] mainly with the responsibility of doing in-takes and admissions and liaison with the Court." Doc. 59-21 at p. 5, line 24 to p. 6, line 1. Bentley further testified that Malipurathu was first admitted at the men's facility in Tahlequah, Oklahoma, but that the "decision was made to transfer him to [the] Decatur[, Arkansas,] facility," id. at p. 8, lines 21-22, and that he (Bentley), even though he offices in Decatur, e.g., id. at p. 10, lines 12-13, "was involved in th[at] decision." Id. at p. 9, line 8.

Bentley also testified that although he had had no personal interaction with Malipurathu before he was transported to Decatur, e.g., id. at pp.13-14, that he (Bentley) did discuss with co-defendant Thiessen in Oklahoma Malipurathu's admission in D.A.R.P. E.g., id. at p. 15.

4

be and are hereby DISMISSED without prejudice for lack of personal jurisdiction, e.g., Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006);

(10) in so doing, further FINDS that Malipurathu's Motion Seeking Leave of this Court for Third Attempt to File Summons upon Defendant Simmons Foods [Doc. 118] file-stamped February 27, 2012, should be and is hereby DENIED;

(11) to the extent that Malipurathu's claims in his amended complaint are challenging the validity of the termination of his participation in the Drug Court program and his current confinement, FINDS that Malipurathu's sole remedy for such claims is a petition for a writ of habeas corpus filed pursuant to title 28, section 2254 of the United States Code, e.g., Wilkinson v. Dotson, 544 U.S. 74, 78 (2005), but further FINDS that Malipurathu's amended complaint should not be construed in the alternative to assert any claim for habeas relief not only because such construction could effectively prevent Malipurathu from raising other claims challenging his termination and convictions and sentences, but also because there is no indication in the record that Malipurathu has exhausted his state court remedies with regard to these claims;

(12) DISMISSES Malipurathu's Title II ADA claims against defendants Weedon, Kelly, Garcia and Thiessen in their individual capacities;

(13) FINDS as to Malipurathu's Title II ADA claims, including Counts II and IV, wherein he has alleged that he is forty percent (40%) permanently disabled due to a broken back and that these defendants in their official capacities "fail[ed] to give notice or make reasonable accommodations within D.A.R.P. . . and [the] Drug Court program," Doc. 14 at 7, e.g., id. at 9, survive the defendants' request for dismissal;

5

(14) DISMISSES with prejudice Malipurathu's claims seeking relief against Kelly, McPhearson, Garcia, Thiessen, and Weedon under title 42, sections 1985(3) and 1986 of the United States Code since the amended complaint lacks any well-pled, nonconclusory allegations regarding a conspiracy that not only involves an agreement and/or concerted action to deprive Malipurathu of equal protection or equal privileges or immunities, but also is "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus,'" Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993)(quotation omitted), and in any event, FINDS that Kelly, Weedon, Garcia, Thiessen and McPhearson in their official capacities are entitled to eleventh amendment immunity from suit, that Kelly, Weedon and Thiessen in their individual capacities are entitled to absolute judicial immunity as to these claims and that Garcia and McPhearson in their individual capacities are entitled to prosecutorial immunity as to these claims;

(15) DISMISSES any and all claims seeking relief under section 1983 against any defendant named herein, which is grounded in an alleged violation of Oklahoma law or a state regulation or procedural guideline, e.g., Jones v. City and County of Denver, 854 F.2d 1206 (10th Cir. 1988)(section 1983 does not provide redress for violations of state law); and

(16) because this Supplemental Report and Recommendation did not dispose of all issues raised by Malipurathu in his amended complaint, RE-REFERS this matter to Magistrate Judge Purcell for further proceedings.

ENTERED this 4th day of September, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

6