IN THE UNITED STATES DISTRICT COURT FOR **FILED**

THE WESTERN DISTRICT OF OKLAHOMA        SEP - 4 2012

DENNIS MALIPURATHU,              )
                                 )        ROBERT D. DENNIS, CLERK
                                 )   U.S. DIST. COURT, WESTERN DIST. OF OKLA.
                  Plaintiff,     )        BY _____ DEPUTY
                                 )
vs.                              )        No. CIV-11-646-W
                                 )
RAYMOND JONES et al.,            )
                                 )
                  Defendants.    )

## ORDER

On June 14, 2012, United States Magistrate Judge Gary M. Purcell issued a Fourth

Supplemental Report and Recommendation in this matter, and he recommended that the

Motion for Summary Judgment filed by defendant Raymond Jones be granted and that

judgment be entered in favor of Jones and against plaintiff Dennis Malipurathu.

Malipurathu was advised of his right to object, and the matter now comes before the Court

on Malipurathu's Notice of Objection and Intent to Appeal Fourth Supplemental Report and

Recommendation. See Doc. 143.

Malipurathu incarcerated at John H. Lilley Correctional Center, Boley, Oklahoma,

after conviction of certain drug related offenses. He brought this action against multiple

defendants and sought relief under title 42, sections 1983, 1985(3) and 1986 of the United

States Code and under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et

seq.,[1] as amended by the ADA Amendments Act of 2008, Pub. L. 110–325, 122 Stat. 3555

(2008).

---

[1]Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132.

Malipurathu's claims in his amended complaint arise out of his unsuccessful participation in, and his termination from, a voluntary diversion program implemented by the Washita/Custer County Drug Court,[2] see 22 O.S. § 471.1 et seq., and his complaints about the conditions at the substance abuse treatment centers to which he was admitted during his participation in the Drug Court program.

Defendant Jones was the president and chief executive officer of Drug and Alcohol Recovery Program ("D.A.R.P."), Inc., a private faith-based, non-profit foundation that maintains facilities in Tahlequah, Oklahoma, and Decatur, Arkansas. While Malipurathu was a participant in the Drug Court program, he was sanctioned for a program violation, and he was directed to participate in, and was admitted to, D.A.R.P., beginning on July 23, 2009. Malipurathu was eventually relocated to D.A.R.P.'s treatment facility in Decatur and to another private substance abuse treatment center, New Hope of Mangum, located in Mangum, Oklahoma.

Upon de novo review of the record and after applying the standards that govern Rules 12(b)(6) and 56, F.R.Civ.P., and title 28, section 1915(e) and 1915A of the United States Code, the Court concurs as stated in this Order with Magistrate Judge Purcell's disposition of Jones' Motion for Summary Judgment and with his findings and suggested recommendations.

---

[2]Malipurathu appealed his termination from the program as well as the judgment and sentence of the Drug Court. The Oklahoma Court of Criminal Appeals affirmed. See State v. Malipurathu, Case No. F-2010-867 (Okla. Crim. May 2, 2012).

Accordingly, the Court

(1) ADOPTS to the extent set forth herein the Fourth Supplemental Report and Recommendation [Doc. 137] issued on June 14, 2012;

(2) GRANTS in part Jones' Motion for Summary Judgment [Doc. 66] filed on October 14, 2011;

(3) FINDS that Jones is entitled to judgment as a matter of law with regard to Malipurathu's claim in Count VI that Jones violated his rights under section 1983 by failing to produce certain exculpatory documents as required by Brady v. Maryland, 373 U.S. 83 (1963), since Jones in his capacity as president and chief executive officer of D.A.R.P. was under no obligation to provide such documents;

(4) DISMISSES Malipurathu's Title II ADA claims against Jones in his individual capacity;

(5) FINDS that Malipurathu has sufficiently alleged that Jones was acting in his "official capacity" as the "policy-maker of D.A.R.P.," Doc. 14 at 2, to warrant further consideration of Malipurathu's Title II ADA claims and D.A.R.P.'s failure, if any, to provide certain accommodations and further investigation into whether in his position as president and chief executive officer,[3] Jones would have final decision-making authority with regard to Malipurathu's entitlement to, if any, and D.A.R.P.'s obligation to provide, if any, reasonable accommodations in light of Malipurathu's alleged disability;[4]

---

[3]There is some question whether this defendant was misidentified at Malipurathu's termination hearing as "Randy Jones." See Doc. 59-21 at pp. 57-58 ("I am the director and the founder" of D.A.R.P. and together with other staff "set the rules in the program").

[4]See Doc. 59-4 at 5; Doc. 59-21 at 15.

3

(6) as to Malipurathu's contentions in Counts I and IV that Jones, individually, assuming without deciding that Jones is a "state actor" subject to suit under section 1983, e.g., Anderson v. Suiters, 499 F.3d 1228, 1233 (10th Cir. 2007), violated his right to freedom of religion guaranteed by the first amendment to the United States Constitution, and in particular, subjected him to unequal treatment[5] and terminated his participation in the Drug Court program because he exercised his first amendment rights,[6] FINDS that Jones is entitled to judgment as a matter of law since Malipurathu has presented no genuine triable with regard to these claims; and

(7) because this Supplemental Report and Recommendation did not dispose of all issues raised by Malipurathu in his amended complaint, RE-REFERS this matter to Magistrate Judge Purcell for further proceedings.

ENTERED this _4th_ day of September, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[5]The free exercise clause of the first amendment "'protect[s] religious observers against unequal treatment.'" Church of the Lukumi Babalu Aye, Inc., 508 U.S. 520, 542 (1993)(quoting Hobbie v. Unemployment Appeals Commission of Florida, 480 U.S. 136, 148 (1987)(Stevens, J., concurring in judgment).

[6]The first amendment's establishment clause forbids laws, regulations or policies that disapprove of a particular religion. E.g., id. at 532 (citations omitted). The amendment's free exercise clause forbids laws, regulations or policies that discriminate against religious beliefs, and it further protects against laws or rules that prohibit conduct that "is undertaken for religious reasons." Id. (citations omitted). As Magistrate Judge Purcell did, the Court has construed Malipurathu's first amendment claims regarding his practice of the tenets of Sikhism and D.A.R.P.'s requirement that Malipurathu cut his hair and attend, and participate in, Christian-based religious services under that case law that governs both the free exercise clause and the establishment clause.