IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

SEP - 4 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

DENNIS MALIPURATHU,            )
                               )
            Plaintiff,         )
                               )
vs.                            )   No. CIV-11-646-W
                               )
RAYMOND JONES et al.,          )
                               )
            Defendants.        )

## ORDER

On June 22, 2012, United States Magistrate Judge Gary M. Purcell issued a Fifth Supplemental Report and Recommendation in this matter, wherein he made various recommendations regarding the Motion for Summary Judgment filed pursuant to Rule 56, F.R.Civ.P., by defendants Keith Hutton, Chara Avera (originally identified as "Chara Alvarez"), Gary Holland and Albert Enderle (originally identified as "Albert Endearle"). Plaintiff Dennis Malipurathu was advised of his right to object, and the matter now comes before the Court on Malipurathu's Response to Fifth Report and Recommendation. See Doc. 148.

Malipurathu pled guilty to, and was convicted in the District Court for Custer County, Oklahoma, of, drug-related offenses, and he is currently incarcerated in the custody of the Oklahoma Department of Corrections, serving two (2) concurrent fifteen-year terms of imprisonment. E.g., State v. Malipurathu, Case No. CF-2007-296; State v. Malipurathu, Case No. CF-2007-313. In his amended complaint, Malipurathu named multiple defendants and sought relief for alleged constitutional and statutory deprivations as well as for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131

et seq.,[1] as amended by the ADA Amendments Act of 2008, Pub. L. 110–325, 122 Stat. 3555 (2008). All claims arise out of Malipurathu's unsuccessful participation in, and his termination from, the program implemented by the Washita/Custer County Drug Court, see 22 O.S. § 471 et seq., and his complaints about the conditions at the substance abuse treatment centers to which he was admitted during his participation in the Drug Court program.

One such center was New Hope of Mangum ("New Hope"), located in Mangum, Oklahoma. It is a nonprofit corporation that is licensed by the Oklahoma Department of Mental Health and Substance Abuse Services to provide rehabilitative services to those with drug or alcohol addictions. Malipurathu received in-patient rehabilitation treatment at New Hope from November 13, 2009, to January 25, 2010. Hutton and Avera were licensed counselors employed at center; Holland was a staff member, and Enderle was both a lead counselor and a member of a team of individuals who made recommendations regarding Malipurathu's participation in the Drug Court program.

Upon de novo review of the record and after applying the standards that govern Rule 56, supra, and title 28, sections 1915(e) and 1519A of the United States Code, the Court concurs with Magistrate Judge Purcell's disposition of the defendants' Motion for Summary Judgment and his findings and suggested recommendations.

---

[1] Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132.

Accordingly, the Court

(1) ADOPTS the Fifth Supplemental Report and Recommendation [Doc. 141] issued on June 22, 2012;

(2) FINDS that the Motion for Summary Judgment [Doc. 124] filed on March 8, 2012, by Hutton, Avera, Holland and Enderle should be and is hereby GRANTED to the extent stated herein;

(3) FINDS that Enderle, individually, is entitled to absolute judicial immunity, e.g., Lundahl v. Zimmer, 296 F.3d 936 (10th Cir. 2002), as to the allegations giving rise to Counts I, II, IV, V, VI, VII and VIII in the amended complaint and DISMISSES with prejudice Malipurathu's claims seeking relief, monetary or equitable, against Enderle in his individual capacity under title 42, section 1983 of the United States Code as well as his claims against this defendant seeking relief under the ADA;

(4) FINDS that Malipurathu has failed to state plausible claims under section 1983 and/or the ADA against Enderle, Hutton, Avera or Holland in any "official" capacity, and DISMISSES such claims, if any, with prejudice;

(5) FINDS that Holland is entitled to absolute immunity with regard to any allegations in Count VI of the amended complaint that he committed perjury, e.g., Briscoe v. LaHue, 460 U.S. 325 (1983), to the extent, if any, he gave alleged contradictory testimony and DISMISSES this claim against Holland with prejudice;

(6) FINDS that Holland is likewise entitled to judgment in his favor with regard to any pendent state law claim in Count VI that he perjured himself in connection with any alleged testimony before the Washita/Custer County Drug Court and/or with regard to any log entries, e.g., Cooper v. Parker-Hughey, 894 P.2d 1096 (Okla. 1995);

3

(7) FINDS that Hutton and Avera are entitled to dismissal as to Counts III and IV and hereby DISMISSES the allegations therein for failure to state plausible claims for relief under section 1983 for racial discrimination, racially discriminatory slurs and/or racial profiling;

(8) DISMISSES with prejudice Malipurathu's claims seeking relief against Hutton, Avera, Holland and Enderle under title 42, sections 1985(3) and 1986 of the United States Code since the amended complaint lacks any well-pled, nonconclusory allegations regarding a conspiracy that not only involves an agreement and/or concerted action to deprive Malipurathu of equal protection or equal privileges or immunities, but also is "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus,'" Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993)(quotation omitted), and in any event, FINDS that Enderle in his individual capacity is entitled to absolute judicial immunity as to these claims;

(9) DISMISSES any and all claims, including Counts V and VIII, seeking relief under section 1983 against any defendant named herein, which is grounded in an alleged violation of Oklahoma law or a state regulation or procedural guideline, e.g., Jones v. City and County of Denver, 854 F.2d 1206 (10th Cir. 1988)(section 1983 does not provide redress for violations of state law);

(10) in the alternative, DISMISSES all section 1983 claims against Enderle, including Counts II and IV, in connection with his failure to notify Drug and Alcohol Recovery Program, Inc., another substance abuse treatment center to which Malipurathu had been admitted, that it needed to make "reasonable accommodations," Doc. 14 at 7, for his disability and of his "religious preference," id.; e.g., id. at 9, since Malipurathu has

4

failed to establish that such failure, if any, was intentional, e.g., Daniels v. Williams, 474 U.S. 327 (1986);

(11) to the extent that Malipurathu's claims in his amended complaint are challenging the validity of the termination of his participation in the Drug Court program and his current confinement, FINDS that Malipurathu's sole remedy for such claims is a petition for a writ of habeas corpus filed pursuant to title 28, section 2254 of the United States Code, e.g., Wilkinson v. Dotson, 544 U.S. 74, 78 (2005), but further FINDS that Malipurathu's amended complaint should not be construed in the alternative to assert any claim for habeas relief not only because such construction could effectively prevent Malipurathu from raising other claims challenging his termination and convictions and sentences, but also because there is no indication in the record that Malipurathu has exhausted his state court remedies with regard to these claims; and

(12) because this Supplemental Report and Recommendation did not dispose of all issues raised by Malipurathu in his amended complaint, RE-REFERS this matter to Magistrate Judge Purcell for further proceedings.

ENTERED this _4th_ day of September, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE