IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

JUL 2 3 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| DENNIS MALIPURATHU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-11-646-W |
| ) | |
| RAYMOND JONES et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On May 13, 2013, United States Magistrate Judge Gary M. Purcell issued a Sixth Supplemental Report and Recommendation in this matter, wherein he made various recommendations regarding the Motions for Summary Judgment filed pursuant to Rule 56, F.R.Civ.P., by defendants Jill Weedon, Christopher S. Kelly, Juan Garcia, Ken Thiessen and Raymond Jones and the request for default judgment filed by plaintiff Dennis Malipurathu as to defendant Mack Bentley. Malipurathu, proceeding pro se, was advised of his right to object, and the matter now comes before the Court on Malipurathu's Civil Objection to 6th Report and Recommendation, see Doc. 261, and Addendum. See Doc. 264. Also pending before the Court are documents filed by Malipurathu entitled "Judicial Notice to Elicit Evidences to Remaining Defendants During 'D[e]position of Plaintiff' on October 23, 2012," see Doc. 259, and "Notice to the Court. See Doc. 260. In addition, Malipurathu has sought an evidentiary hearing. See Doc. 265.

Malipurathu pled guilty to, and was convicted in the District Court for Custer County, Oklahoma, of, drug-related offenses, and he is currently incarcerated in the custody of the Oklahoma Department of Corrections, serving two (2) concurrent fifteen-year terms of

imprisonment. E.g., State v. Malipurathu, Case No. CF-2007-296; State v. Malipurathu, Case No. CF-2007-313. His convictions and sentences were affirmed by the Oklahoma Court of Criminal Appeals on May 2, 2012. State v. Malipurathu, No. F-2010-867 (Okla. Crim. 2012).

In his amended complaint, Malipurathu named multiple defendants and sought relief for alleged constitutional and statutory deprivations, including violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 et seq., as amended by the ADA Amendments Act of 2008, Pub. L. 110–325, 122 Stat. 3553.[1] All claims arise out of Malipurathu's unsuccessful participation in, and his termination from, a program implemented by the Washita/Custer County Drug Court, see 22 O.S. § 471 et seq., and his complaints about the conditions at the substance abuse treatment centers to which he was admitted during his participation in the Drug Court program.

The only claims that remain for resolution are Malipurathu's claims in Counts II and IV of his amended complaint seeking relief under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines the term "public entity" to include state and local governments and governmental agencies and instrumentalities. E.g., id. § 12131(1)(b). Persons with disabilities are "qualified" if, "with or without reasonable modifications to rules, policies, or practices, [they]

---

[1] The ADA was amended, effective January 1, 2009, to expand the definition and construction of what constitutes a "disability." See 42 U.S.C. § 12102(4)(A).

. . . meet[ ] the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." Id. § 12131(2).

In Count II, Malipurathu alleged that he is "(40%) permanent[ly] disable[d]," Doc. 14 at 7, [2] as the result of an injury to his back and that Weedon, Kelly, Garcia, Thiessen,[3] Bentley and Jones,[4] who are sued in their official capacities, denied his rights under Title II when they "fail[ed] to give notice or make reasonable accommodations within D.A.R.P. . . . and [the] Drug Court program." Id. Malipurathu alleged in particular (a) that Weedon, Kelly, Garcia, and Thiessen "fail[ed] to notify D.A.R.P. of . . . [his] disabilities before designation to [D.A.R.P.] . . . facilit[ies]," id., (b) that "D.A.R.P. [as a result] . . . failed to provide for [certain] . . . accommodations[,]" id.,[5] and "failed to notify Simmons Foods[6] of

---

[2]In November 2007, Malipurathu sustained an on-the-job injury to his back and left shoulder while working as an automobile mechanic. See Doc. 119-4. On February 5, 2009, the Oklahoma Workers' Compensation Court, pursuant to a stipulation by the parties appearing before that court, agreed that Malipurathu had a permanent disability totaling 40% to his back, left shoulder and neck.

[3]At all times relevant to this action, Weedon was an associate district judge for Custer County, Oklahoma, Kelly was an associate district judge for Washita County, Oklahoma, and Garcia was an assistant district attorney for Custer County, Oklahoma. All three were members of the Washita/Custer County Drug Court Team. Thiessen was employed as the Drug Court Coordinator, and he too was a member of the Washita/Custer County Drug Court Team.

[4]Jones is president and chief executive officer of Drug and Alcohol Recovery Program, Inc., ("D.A.R.P."), a not-for-profit corporation founded to assist individuals in learning life skills to, among other things, avoid involvement with drugs and alcohol. The Court has construed Malipurathu's ADA claims against Jones in his official capacity as claims against D.A.R.P.

[5]Malipurathu complained that the "entryway to front door [was] . . . not handicap accessible," Doc. 14 at 7, that the "[c]ommodes and showers [were] . . . not equipped with handrails to accommodate disabled persons . . . ," id., and that he "was forced to climb a ladder to sleep on a top bunk." Id.

[6]Simmons Foods, which located in Decatur, Arkansas, is identified in the amended complaint as "an employer by contractual agreement to employ D.A.R.P. . . participants." Doc. 14 at 4; e.g., id. ("Simmons Foods employs participants who are court-ordered to attend . . . D.A.R.P.;" "report[s] directly to D.A.R.P. [and] . . . sends progress reports to . . . Drug Court Team").

3

. . . [his] physical limitations," id. at 8, and (c) that Simmons Foods "failed to make accommodations for the disability during [his] employment in September 13-24, 2009." Id.

In Count IV of the amended complaint, Malipurathu claimed that he was denied equal protection as guaranteed by the fourteenth amendment to the United States Constitution because due to his disabilities, "the physical environments [in which he was placed] prevented [his] participation as other similarly situated participants." Doc. 14 at 8. Malipurathu complained that "Weedon (in her unofficial capacity) was notified on January 5, 2009, in writing, [of] . . . the conditions and problems concerning [his] . . . disability," id. at 9, and that Weedon, Kelly and Thiessen "manifest[ed] a decision concerning [his] . . . permanent disability . . . [by] failing to protect [him] . . . and designat[ing] [him] . . . to an incompatible facility." Id.

For those defendants who were "responsible for denying . . . [him] reasonable accommodation due to [his] disabilities," id. at 19, Malipurathu prayed for the sum of $1,000,000.00, which award he asserted was "to be evenly distributed among the named [d]efendants for discriminating . . . [against him] . . . ." Id. As to those defendants that denied him his "right to be treated equally and [the] . . . benefit of certain state-sponsored programs due to his physical disability," id. at 20, Malipurathu sought damages in the amount of $500,000.00.

Upon de novo review of the record and after applying the standards that govern Rule 56, supra, and title 28, sections 1915(e) and 1519A of the United States Code, the Court concurs with Magistrate Judge Purcell's findings and recommendations and his suggested disposition of the defendants' requests for summary judgment and Malipurathu's request for judgment by default. And having engaged in a de novo review of the record,

the Court further finds that it need not repeat Magistrate Judge Purcell's well-reasoned analysis.

Accordingly, the Court

(1) ADOPTS the Sixth Supplemental Report and Recommendation [Doc. 258] filed on May 13, 2013;

(2) GRANTS the Motion for Summary Judgment [Doc. 199] filed on November 14, 2012, by Weedon, Kelly, Thiessen and Garcia;

(3) likewise GRANTS the Motion for Summary Judgment [Doc. 204] filed on November 15, 2012, by Jones;

(4) DENIES the relief sought by Malipurathu in the document entitled "Judgment by Default Against Defendant Mack Bentley," see Doc. 133, file-stamped May 18, 2012;

(5) DISMISSES Bentley for lack of personal jurisdiction;[7]

---

[7]In his amended complaint, Malipurathu identifies Bentley as a resident of the state of Oklahoma and the human relations director of D.A.R.P. See Doc. 14 at 2, ¶ 3. But see Doc. 261 at 23 ("resides in Arkansas"). Malipurathu, however, caused personal service on Bentley in Rogers, Arkansas. See Doc. 26. Bentley never answered or otherwise responded to the allegations in the amended complaint, and in determining whether Malipurathu is entitled to judgment by default, the Court must find among other things that it has personal jurisdiction over Bentley. E.g., Deville v. Wilson, 208 Fed. Appx. 629, 631 (10th Cir. 2006)(cited pursuant to Tenth Cir. R. 32.1). Inquiry into the relationship between the nonresident defendant and the State of Oklahoma is necessary because "[d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." Williams v. Life Savings and Loan, 802 F.2d 1200, 1202 (10th Cir. 1986)(per curiam)(citation omitted).

The issue of in personam jurisdiction over nonresident defendants is governed by state law, and in Oklahoma, a court may exercise jurisdiction over a nonresident defendant only (1) if it is statutorily authorized to do so, and (2) if its exercise of jurisdiction is consistent with the due process clause of the fourteenth amendment to the United States Constitution. E.g., Rambo v. American Southern Insurance Co., 839 F.2d 1415, 1416 (10th Cir. 1988).

Because the applicable Oklahoma statute provides that "[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution[s] of this state and . . . the United States," 12 O.S. § 2004(F), the foregoing two-part test has "collapse[d] into a single due process analysis." Rambo, 839 F.2d at 1416. In this context, due process requires the nonresident defendant to "have certain minium contacts with . . . [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v.

(6) DENIES Malipurathu's request for evidentiary hearing, see Doc. 265, file-stamped June 24, 2013;

(7) because all federal law claims have been resolved, DECLINES to exercise subject matter jurisdiction over any pendent or supplemental state law claims that remain against any defendant and DISMISSES Malipurathu's state law claims without prejudice; and

(8) because no claims, federal or state, remain for resolution, ORDERS that

---

Washington, 326 U.S. 310, 316 (1945)(quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940))(other citations omitted).

In evaluating a nonresident defendant's alleged contacts with the forum, the Court recognizes that there are two types of in personam jurisdiction it may exercise. "Specific jurisdiction," the type of jurisdiction at issue in this case, is comprised of two prongs. First, such jurisdiction may be asserted over a nonresident defendant in cases, such as in the instant case, if "the defendant purposefully directed [his] . . . activities at a forum State's resident . . . ." Grynberg v. Ivanhoe Energy, Inc., 490 Fed. Appx. 86, 96 (10th Cir. 2012)(cited pursuant to Tenth Cir. R. 32.1). The "aim of [the] 'purposeful direction' doctrine . . . [is] to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1071 (10th Cir. 2008)(citation omitted). In this connection, "purposeful direction is established if three showings are made: the defendant (a) commits 'an intentional action'; (b) that is 'expressly aimed at the forum state'; (c) with 'knowledge that the brunt of the injury would be felt in the forum state.'" Grynberg, 490 Fed. Appx. at 96 (quoting Dudnikov, 514 F.3d at 1072 (further citation omitted)).

As the record reveals, at the hearing conducted on May 17, 2010, by the Honorable Charles L Goodwin regarding Malipurathu's termination from the Drug Court program, Bentley testified that he was the "human relations director [for D.A.R.P. and was charged] mainly with the responsibility of doing in-takes and admissions and liaison with the Court." Doc. 59-21 at p. 5, line 24 to p. 6, line 1. Bentley further testified that Malipurathu was first admitted at the men's facility in Tahlequah, Oklahoma, but that the "decision was made to transfer him to [the] Decatur facility," id. at p. 8, lines 21-22, and that he (Bentley), even though he then had his office in Decatur, e.g., id. at p. 10, lines 12-13, "was involved in th[at] decision." Id. at p. 9, line 8. Bentley also testified that although he had had no personal interaction with Malipurathu before he was transported to Decatur, e.g., id. at pp.13-14, that he (Bentley) did discuss with co-defendant Thiessen in Oklahoma Malipurathu's admission in D.A.R.P. E.g., id. at p. 15.

Assuming both that Bentley is a nonresident and that Malipurathu properly obtained service upon him, the Court finds that none of the foregoing reflects intentional action on the part of Bentley that is expressly aimed at a resident of this state that would support the exercise of this Court's jurisdiction. Bentley, who, as to the remaining causes of action, is named only as a defendant in Count II, had no control over the disposition of the Drug Court proceedings or Malipurathu's termination from the Drug Court program.

judgment be entered in this matter terminating these proceedings.

ENTERED this 23rd day of July, 2013.

                                        LEE R. WEST
                                        UNITED STATES DISTRICT JUDGE